### BLOCK v. BOND.

1. JOINT TENANCY—REALTY—TITLE OF SURVIVOR—EVIDENCE.
   Recorded deed to brother and sister "as joint tenants, with rights of survivorship" conveyed title which became sister's sole property upon death of brother, notwithstanding he had collected the rents from tenants who had occupied a portion of it, insured property in his own name and paid all bills in connection with its upkeep, where title which had stood in his name, was conveyed by him to their grantor and the recorded deeds were placed in joint safety deposit box. ·

2. SAME—BANK ACCOUNTS—SURVIVOR—STATUTES—PRESUMPTION.
   Moneys in 3 bank accounts in joint names of brother and sister, which had theretofore stood in brother's name only or in joint names of himself and his father, belonged solely to sister upon brother's death, where there was no evidence to rebut the statutory presumption of ownership of the joint bank accounts in the survivor (CL 1948, § 487.703).

Appeal from Kent; Souter (Dale), J. Submitted October 1, 1952. (Docket No. 80, Calendar No. 45,552.) Decided December 9, 1952.

·    ,   REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Cotenancy §§ 6–8, 14.
[2] 7 Am Jur, Banks § 425.

Bill by Clem H. Block, administrator of the estate of Leonard John Cole, deceased, against George A. Bond and wife for an accounting and to have certain property considered a part of decedent's estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Searl, White & Block,* for plaintiff.

*Walter B. Freihofer,* for defendants.

BUSHNELL, J. This is an appeal from a decree dismissing plaintiff administrator's bill of complaint, in which he sought an accounting from defendants George A. Bond and his wife, Mina, and a determination of the ownership of certain real property.

Plaintiff's decedent, Leonard John Cole, who died on February 12, 1950, was a brother of defendant Mina Bond. Their father, Cornelius W. Cole, who died in 1943, left the home in which he had lived to Leonard. Leonard also became the owner of several savings accounts by right of survivorship. After the death of Mina's first husband, one Derrick, during World War I, she lived with her father and her brother. Her second husband, one Tower, to whom she was married for 22 years, died in 1948. During the last 2 years of this marriage Mina lived elsewhere, but continued to care for Leonard's washing and mending. After Tower's death Mina returned to Leonard's home, where she remained until her marriage to Bond in 1950.

After the death of Cornelius Cole, his son Leonard opened 3 bank accounts; one in the Union Bank of Michigan on September 18, 1943, with a deposit of $4,093.63; another on the same date in the Michigan National Bank, with a deposit of $1,538.48, and another in the Old Kent Bank on December 1, 1943, with a deposit of $9,411.86.

The Union Bank account shows no withdrawals until March 31, 1950, when that account was closed by the withdrawal of $5,088.89 by Mina Tower. The typewritten names of "Leonard J. Cole or Mina Tower" appear on this account's ledger sheet which also bears the inscription "Payable to either or survivor." The Michigan National account shows 3 deposits, totaling $2,000, in addition to interest credits with no withdrawals. The balance of $3,701.30 was withdrawn on March 31, 1950 by Mrs. Mina Tower. The ledger sheet of this account reads: "Leonard J. Cole or Nina (*sic*) Tower, both or either or the survivor each to have power to draw in their joint or several names." In the Old Kent account there were no deposits other than interest credits but there were 2 withdrawals of $1,500, one on December 8, 1944 and the other on June 26, 1946. The balance of $6,751.82 was withdrawn on March 30, 1950. The preceding account in this bank was in the name of Cornelius W. Cole or Leonard J. Cole. The account here in question was in the name of Leonard J. Cole or Mrs. Mina Tower, who held the same in joint tenancy, "payable to both or either or the survivor."

On June 24, 1946, Leonard J. Cole executed a quitclaim deed conveying the home property at 1028 Jefferson avenue to Ethel J. Raymond, and on the same date that grantee executed a quitclaim deed to Leonard J. Cole and Wilhelmina Tower, "as joint tenants, with rights of survivorship." These deeds were recorded on that date in liber 1310 of deeds on pages 47 to 49. Ethel J. Raymond was a legal secretary of the scrivener.

Leonard and Mina also had a safety deposit box in their joint names in the Division avenue branch of the Old Kent Bank.

An examination of the record requires concurrence in the conclusion of the trial judge that no evidence was presented to rebut the statutory "presumption of ownership of the joint bank accounts in the sur-

vivor." See CL 1948, § 487.703 (Stat Ann 1943 Rev § 23.303).

Because of this absence of rebutting evidence, the trial judge stated that:

"The court can conceive of no case in which the facts could be any stronger in establishing that the deceased, Leonard John Cole, in opening the joint bank accounts, and having the property transferred into the names of his sister and himself, intended that upon his death she would receive all property, both real and personal, standing in their joint names."

The recorded deeds were placed in the joint safety deposit box, and the trial judge held that their recording and deposit constituted a delivery thereof, under the rule stated in *Griffin* v. *Hovey,* 179 Mich 104; and *Mayhew* v. *Wilhelm,* 249 Mich 640.

Even though the deceased collected rents from tenants who occupied a portion of the home, insured the property in his own name, and paid all bills in connection with its upkeep, the trial judge was correct in holding that Leonard John Cole and Mina Bond were joint tenants of the home property, "with rights of survivorship," and that the moneys in the 3 bank accounts totaling $15,542.01 became the sole property of Mina Bond upon the death of Leonard John Cole.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.