LEOPOLD D. STERN, Doing Business as L. D. Stern & Co., Respondent, *v.* GEPO REALTY CORPORATION, Appellant, Impleaded with Another.

Submitted October 5, 1942; decided December 3, 1942.

The following questions were certified:

" 1. Does the complaint herein set forth facts sufficient to constitute a cause of action?

" 2. Should defendant's motion for judgment on the pleadings and for summary judgment under rules 112 and 113 of the Rules of Civil Practice have been granted?"

*Albert W. Clurman* and *Jacob J. Sachs* for appellant. A waiver of the condition precedent to the earning of commissions has not been established. (*Couper* v. *O' Neill*, 53 Misc. Rep. 319; *Gepo Realty Corp.* v. *Pierce*, 25 N. Y. Supp. [2d] 25; 260 App. Div. 1041; 286 N. Y. 641.) A sale of real property is consummated only when title passes. (*Amies* v. *Wesnofske*, 255 N. Y. 156; *Reis Co.* v. *Zimmerli*, 155 App. Div. 260.)

*Meyer Halpern, Gerald Mayer* and *Saul Pearce* for respondent. Title having been rejected because of unmarketability, plaintiff is entitled to commissions, and the complaint is sufficient. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510; *Van Vliet & Place Inc.*, v. *Gaines*, 249 N. Y. 106; *Windsor Investing Corp.* v. *McLaughlin's Sons*, 130 Misc. Rep. 730; *Weiner* v. *Infeld*, 116 Misc. Rep. 323; *O'Connell* v. *Ryan*, 127 Misc. Rep. 350; *Goodman* v. *Marcol, Inc.*, 261 N. Y. 188; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Sesky* v. *Jolrane Realty Corp.*, 166 Misc. Rep. 564.) A proposed sale of realty is consummated when a contract of sale is signed, not when title passes. (*Watson* v. *Muskegon S. S. Corp.*, 208 App. Div. 158.)

FINCH, J. This action was brought to recover a brokerage commission from a vendor of real property whose title was rejected at the closing as unmarketable. In a previous suit wherein the vendee sought to recover the amount of his down payment from the defendant vendor, this court affirmed a determination in favor of the vendee which held that the vendor's title had been properly rejected. (*Gepo Realty Corp.* v. *Pierce*, 286 N. Y. 641.) The present case comes here upon two certified questions, *first*, the sufficiency of the complaint, and, *second*, should defendant's motion for summary judgment and for judgment on the pleadings have been granted?

A written contract governing the payment of commission was entered into by plaintiff broker, his copartner and defendant, on the same day that the latter made its contract of sale with its vendee. This brokerage contract, which is annexed to the complaint herein, provides for the payment of a commission to the plaintiff and his co-broker " in connection with the sale, when and if consummated, of hotel property in the City of Long Beach * * * of which Gepo Realty Corp. is now the owner and contemplates making sale to our proposed client."

The plaintiff's copartner refused to become a party plaintiff and therefore has been joined as a defendant.

Since the actual contract between the parties has been made a part of the complaint its provisions are, of course, controlling, and the sufficiency of the allegations in the complaint must be determined in the light of these provisions.

Two causes of action are set forth in the complaint. The first cause of action proceeds upon the theory that the commission was earned when the contract of sale was concluded between defendant vendor and its vendee. This theory is inconsistent with the express provision in the contract of brokerage that the commission was payable when and if the sale was consummated. Such language created a condition precedent to the vendor's liability to pay. (*Amies* v. *Wesnofske*, 255 N. Y. 156, 161.) Since the contract of brokerage is of even date with the contract of sale, this express condition in the contract would be deprived of all significance if it were deemed to refer to the making of the contract of sale. Consequently this phrase in question must be deemed to have the same legal effect as similar language which, as this court held in *Amies* v. *Wesnofske* (*supra*), makes the liability of the vendor to his broker contingent upon the closing of title. Therefore, the cause of action based on the untenable premise that plaintiff's commission was earned when the contract of sale was made, is clearly insufficient.

In his second cause of action plaintiff alleges that the closing of title did not take place because certain taxes and assessments, being wholly or partially unpaid, constituted liens against the property and that certain of these liens the defendant vendor had failed and refused to pay. The theory of this second cause of action is that,

although the condition precedent to the vendor's liability was never performed, the vendor cannot urge that fact as a bar to plaintiff's recovery because the vendor itself rendered performance impossible.

A vendor of real property is under a duty to take affirmative action to convey a marketable title according to his contract of sale (*Smith* v. *Browning*, 225 N. Y. 358), and, therefore, under the usual contract of sale, undertakes to pay off items which are concededly liens upon the property, and in case it is disputed whether a particular item is a lien, to pay such item under protest, deposit in escrow a sum sufficient to discharge the lien if held valid, or otherwise make an adjustment with the vendee. An allegation, therefore, that title did not close because of the vendor's neglect and refusal to discharge liens against the property is sufficient to avoid the defense of nonperformance of a condition precedent under the well-established rule that one may not take advantage of a condition precedent, the performance of which he himself has rendered impossible. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 384; *Vandegrift* v. *Cowles Engineering Co.*, 161 N. Y. 435, 443.)

This court's decision in *Amies* v. *Wesnofske* (*supra*) is not controlling on this point in the case at bar. There it was decided that where title is not closed because of default by the vendee, a vendor is not liable to his broker unless affirmative action on the vendor's part has contributed to the vendee's default. Specifically we held that the vendor was under no duty to pursue an unwilling purchaser with an action for specific performance. However, where a vendor refuses to perform his obligations under the contract of sale, the default is his and he cannot take advantage of the failure to close title as a shield against his broker's claim to a commission.

The denial of the motion for summary judgment affords to the plaintiff an opportunity to present at a trial the issue which he raises in his complaint.

It follows that the order appealed from should be affirmed, with costs, the first question certified answered in the affirmative and the second in the negative.

LEWIS, J. (dissenting). By the decision about to be made the respondent is to be paid real estate commissions as to which its agreement was " We the undersigned licensed brokers, do hereby

agree to accept jointly the sum of Twelve hundred fifty ($1250.00) dollars as and for our commissions in connection with the sale, *when and if consummated,* * * *." (Emphasis supplied.) It is thus made clear that the writing upon which rests the respondent's right to commissions is an agreement burdened with a condition. As I view the present record, the fact that the condition was never fulfilled defeats the respondent's right to recover herein. (*Aimes* v. *Wesnofske*, 255 N. Y. 156, 162.)

I accept the Appellate Division's construction of the phrase " when and if consummated·" as expressing the respondent's understanding that commissions were to be paid only if the agreement of purchase and sale was completely performed and title to the property involved actually passed. Concededly title never did pass — the sale never was " consummated." Furthermore, upon this record it cannot be said that failure to consummate the sale was due to any affirmative act by the seller. The single reason why the property was not conveyed was the presence on the law date of tax liens against the title, the validity of which liens was challenged by the seller. True, the seller was unsuccessful in his challenge. (*Gepo Realty Corp.* v. *Pierce,* 25 N. Y. Supp [2d] 25; affd., 260 App. Div. 1041; affd. [on appeal, by permission], 286 N. Y. 641.) But, on the agreed date for closing, the seller had offered to pay certain school taxes and water rents which had become liens upon the property, and to that end had offered to deposit in escrow a sum sufficient to pay not only those taxes, with any interest and penalties, but also a tax for a local improvement assessed against the property.

In the circumstances disclosed by this record the decisive rule has been stated by this court in *Aimes* v. *Wesnofske* (*supra,* p. 163): "* * * the duty of a vendor to his broker is fulfilled if he remain passive and neutral; the condition, upon which the payment of commissions is made to depend, is waived only where the vendor is active to prevent or hinder its performance."

Here the express condition — accepted by the respondent at the time of hiring — upon which payment of commissions was to depend, was concededly not fulfilled. In the absence of proof that the sale failed of consummation by reason of some active, affirmative conduct by the appellant, as seller, there is no legal basis for recovery of commissions by the respondent.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court. The first certified question should be answered in the negative and the second in the affirmative.

RIPPEY, CONWAY and DESMOND, JJ., concur with FINCH, J.; LEWIS, J., dissents in opinion in which LEHMAN, Ch. J., and LOUGHRAN, J., concur.

Order affirmed, etc.