JEFFRIES v. STATE, ex rel. DIRECTOR OF DE-
PARTMENT OF CONSERVATION.

This case is controlled by *Klais* v. *Danowski (Appeal of State)*, 373 Mich 262.

Appeal from Macomb; Carroll (Howard R.), J. Submitted January 9, 1964. (Calendar No. 3, Docket No. 49,729.) Decided July 8, 1964. Rehearing denied September 2, 1964.

Bill by Anthony G. Jeffries and Ruth L. Jeffries against the People of the State of Michigan, *ex rel.* Gerald E. Eddy, director of the department of conservation, to bar the State from asserting claim to property as submerged bottom lands of Lake St. Clair. Cross bill to restrain further earth fill and to compel plaintiffs to relinquish property or purchase in accordance with the Great Lakes submerged

lands act. Decree for plaintiffs. Defendant appeals. Affirmed.

*John H. Yoe,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Nicholas V. Olds* and *Warren R. Snyder,* Assistant Attorneys General, for defendant.

DETHMERS, J. This is a companion case to *Klais,* plaintiffs, and *State of Michigan,* intervening plaintiff, v. *Danowski,* defendants, 373 Mich 262, and *Klais* v. *Danowski,* 373 Mich 281, in which opinions are this day handed down. The lots involved and the persons claiming title thereto are different in this case than in that. The lots in both, however, were held by the trial court to be part of the same Private Claim 623, involved in that case, patented by the United States on June 1, 1811, to the legal heirs of James Abbott, Esq.

In this case the plaintiffs, husband and wife, claim to be the owners of lot 256 and the west 1/2 of lot 257 of Lake St. Clair Gardens Subdivision No 1, city of St. Clair Shores, Macomb county, Michigan. They brought this suit in equity to enjoin defendant State from interfering with their quiet enjoyment and peaceful possession of their home thereon. The defendant filed a cross bill alleging that plaintiffs were encroaching on filled-in trust lands which were part of the submerged lands of the Great Lakes belonging to the State and praying that plaintiffs be required to comply with the submerged lands act*.

The trial court entered a decree holding that the lots claimed by plaintiffs were within lands conveyed by the United States to the heirs of James

---

* PA 1955, No 247, as amended (CLS 1961, § 322.701 *et seq.* [Stat Ann 1958 Rev and Stat Ann 1963 Cum Supp § 13.700(1) *et seq.*]).

Abbott in 1811, that they were westward of the 1811 shoreline of Lake St. Clair, that the State acquired no trust interest therein upon its admission to the Union in 1837 nor thereafter by erosive or avulsive action which caused the premises to become submerged, that the submerged lands act is inapplicable thereto and granting the injunctive relief prayed.

Defendant State appeals. By stipulation the record of the *Klais Case,* above mentioned, was adopted as the record in this case.

Decision in this case is governed by decision in the *Klais Case.* The decree herein, accordingly, is affirmed, with costs to plaintiffs.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., did not sit.