KLAIS v. DANOWSKI.

1. VENDOR AND PURCHASER—CLOUD ON TITLE—CLAIM OF STATE.

The claim of the State to filled-in lands near the shoreline of the Great Lakes, although now held invalid in that such land was not subject to the Great Lakes submerged land act by reason of a United States patent issued to private parties prior to admission of the State to the Union, nevertheless constituted a cloud on the title, rendering it unmarketable (PA 1955, No 247, as amended by PA 1958, No 94).

2. SAME—UNMARKETABLE TITLE.

A title may be regarded as unmarketable if a reasonably careful and prudent man, familiar with the facts, would refuse to accept the title in the ordinary course of business, it being unnecessary that the title be actually bad, but merely that there be such doubt or uncertainty as may reasonably form the basis of litigation.

3. SAME—EXPENSE OF MAKING TITLE MARKETABLE.

The expense of making a title marketable should be that of the vendors under land contract, where the contract obligated them to convey such a title.

4. SAME—MARKETABLE TITLE—STATE'S CLAIM UNDER GREAT LAKES SUBMERGED LAND ACT.

Action of plaintiff purchasers in making payments to State in response to State's statutory claim that lands involved were

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 55 Am Jur, Vendor and Purchaser § 166 et seq.
[3] 55 Am Jur, Vendor and Purchaser § 265 et seq.
[5] 55 Am Jur, Vendor and Purchaser § 297.
[7] 49 Am Jur, Specific Performance § 170.

subject to Great Lakes submerged lands act, notwithstanding defendant vendors' objection thereto *held*, not unreasonable in view of the grave uncertainty as to the validity of the State's interest, and the defendants' nonaction in making the title marketable when their attention was directed to the State's claim accompanied by a statutory deadline or the addition of a penalty (PA 1955, No 247, as amended by PA 1958, No 94).

5. SAME—MARKETABLE TITLE—CLOUD ON TITLE—ABSTRACT OF TITLE.
   Plaintiff purchasers of land in possession thereof under land contract which contained a clause that they were satisfied with the marketability of the title as it appeared in the abstract of title were entitled to insist upon the vendors' performance of his agreement to supply marketable title as against claim of State which made a cloud upon the title but which claim was not made to appear by the abstract (PA 1955, No 247, as amended by PA 1958, No 94).

6. SAME—INVALID CLAIM BY STATE—REPAYMENT.
   The State, having received payments under the Great Lakes submerged lands act under an invalid claim therefor, is ordered to repay the sum collected either to defendant vendors under land contract, if they have reimbursed plaintiff purchasers who actually made the payments, or plaintiffs directly and the defendants thereby discharged from liability for reimbursement (PA 1955, No 247, as amended by PA 1958, No 94).

7. EQUITY—SPECIFIC PERFORMANCE—ADJUSTMENT OF ALL RIGHTS BETWEEN PARTIES.
   It is competent for the court, in a suit for specific performance, an equity matter, to adjust all the rights between the parties.

Appeal from Macomb; Carroll (Howard R.), J. Submitted January 9, 1964. (Calendar No. 1, Docket No. 49,795.) Decided July 8, 1964.

Bill by Ferdinand Klais and Ella L. Klais against Julius Danowski and Beatrice Danowski for specific performance of land contract, particularly in respect to delivery of marketable title. The State of Michigan, *ex rel.* Gerald E. Eddy, director of the department of conservation, intervened as party

plaintiff asserting title which was denied in original decree. Amended decree for plaintiffs Klais directing defendants to reimburse plaintiffs for sums paid during suit to State of Michigan for release of its claim that filled property was part of submerged bottom lands of Lake St. Clair, the amended decree also providing that defendants would have subrogation rights against the State to obtain refund of sums so paid. Defendant appeals. Modified and affirmed.

*James Segesta,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Nicholas V. Olds* and *Jerome Maslowski,* Assistant Attorneys General, for intervening plaintiff.

*Meyer D. Stein* and *Edward W. Gleeson,* for defendants.

DETHMERS, J.    This is defendant's appeal, referred to in the opinion this day handed down in the intervening plaintiff's appeal from the original decree in this same cause.[1]    This one is from the amended decree.

To the facts stated in the opinion in the other appeal, which, to the extent pertinent, are to be deemed incorporated herein, there is added, for purposes of determining the additional questions in this appeal presented, the following: In the land contract was language to the effect that plaintiffs, as purchasers, had examined an abstract of title and were satisfied with the marketability of the title shown thereby. Before commencement of suit plaintiffs advised defendants that they desired to pay the balance of the contract and receive conveyance

---

[1] See *Klais* v. *Danowski (Appeal of State),* 373 Mich 262.—REPORTER.

of clear title, but indicated that the State had some claim with respect to which plaintiffs stated that the defendants were obligated to apply for and secure a conveyance from the State in order to clear the title. In response to this, defendants did nothing. Defendants say that because the 3-year deadline (October 14, 1958) under the original provisions of the statute[2] for securing a conveyance from the State was rapidly approaching,[3] plaintiffs brought this suit on July 18, 1958, and made the requisite application to the State, in which defendants ultimately joined only after commencement of this suit and then, as they say, only to enable plaintiffs to ascertain the amount of the State's demand. Plaintiffs paid the State some $3,910 in connection therewith. To date, no conveyance has been forthcoming from the State. The purchase price under the land contract was $39,000, of which plaintiffs have paid defendants all but $700.

As indicated in the opinion in the State's appeal from the original decree, under the subsequently entered amended decree defendants were required to reimburse plaintiffs in the amount of the $3,910 by them paid to the State and become subrogated to plaintiffs' rights to recovery of same from the State. This was on the theory that although the Court was holding the State's claim to be invalid, it had constituted a cloud on the title, leaving it unmarketable, and that defendants were obligated to plaintiffs to procure removal of that cloud. From the amended decree, defendants appeal.

The trial court was correct in holding that the claim of the State constituted a cloud on the title,

---

[2] CLS 1956, § 322.704(b) (Stat Ann 1958 Rev § 13.700[4(b)]).

[3] The 3-year limitation was repealed in 1958 by Act No 94, which added a provision for 25% penalty if application is filed after October 14, 1960. (CLS 1956, §§ 322.704, 322.705 [Stat Ann 1963 Cum Supp §§ 13.700(4), 13.700(5)]).

rendering it unmarketable.  As this Court said in *Bartos* v. *Czerwinski,* 323 Mich 87, 92:

"A title may be regarded as unmarketable if a reasonably careful and prudent man, familiar with the facts, would refuse to accept the title in the ordinary course of business.  It is not necessary that the title be actually bad in order to render it unmarketable.  It is sufficient if there is such a doubt or uncertainty as may reasonably form the basis of litigation."

Defendants' obligation under the land contract was to convey marketable title.  The expense of making it such should be that of defendants as vendors, not plaintiffs as purchasers.  It is true that plaintiffs paid the State over defendants' objections.  In view, however, of the impending statutory deadline or possibility of imposition of an added penalty, and the grave uncertainty as to the validity of the State's interest in the property, as may be gathered more fully from the opinion in the State's appeal herein, it cannot be said that plaintiffs acted unreasonably in undertaking to protect the title to the extent appearing to them to be necessary.  In so doing and bringing this suit, they took the precautionary measures which defendants should have taken by way of suit to determine their rights in the property with respect to the State.  The attendant costs and expenses should be those of defendants, not the plaintiffs.  *Larson* v. *Thomas,* 51 SD 564 (215 NW 927, 57 ALR 1246); *Stern* v. *Gepo Realty Corp.,* 289 NY 274 (45 NE2d 440).

Because plaintiffs were enjoying possession when their suit for specific performance was started and, in their bill of complaint, raised questions as to defendants' title, the defendants, in their brief, cite *Pungs* v. *Hilgendorf,* 289 Mich 46, for the proposition that one who occupies land under a land contract

and under another's title is estopped to deny that title without having first surrendered possession. In that case, the purchasers failed to make payments as provided in the contract for purchase, the seller brought foreclosure and the purchaser filed a cross bill for determination of rights, challenging the seller's title. This Court held that purchaser could not enjoy possession but decline to make payments on the ground of deficiency in seller's title. So, said this Court, a defect in the title would not be a bar to foreclosure for nonpayment of the purchase price. The case is not authority for the proposition that a purchaser in possession may not insist upon the seller's performance of his contract obligation to deliver marketable title. *Kruger* v. *Agnor,* 321 Mich 131.

The mentioned provision in the contract that plaintiffs, as purchasers, were satisfied with the marketability of title as shown by the abstract constitutes no bar to their insistence on clear title. Such claim as has been asserted herein by the State was not made to appear by the abstract. The agreement does not serve to cast the cost of establishing title from defendants upon plaintiffs.

The decree properly imposes upon defendants the duty to reimburse plaintiffs for the sum paid by them to the State. At the same time, it subrogates defendants to plaintiffs' claim against the State. The latter has intervened and made itself subject to the jurisdiction of the court in this case. See *Hunt* v. *State Highway Commissioner,* 350 Mich 309. It is competent for the court, in this equity matter, to adjust all the rights between the parties. The State's claim in the property was invalid. It was not entitled to payment for a conveyance, not made, of an invalid claim. The State is required to repay the sum collected, either to defendants if they have reimbursed plaintiffs, or directly to plaintiffs, which

shall, thereupon, discharge defendants, to that extent, from liability hereunder to reimburse the plaintiffs. The amended decree for specific performance, modified as herein provided, is affirmed. Costs to be paid by defendants to plaintiffs.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., did not sit.