PEOPLE, *ex rel.* DIRECTOR OF CONSERVATION, *v.* REGHI.

1. NAVIGABLE WATERS—SUBAQUEOUS LAND—STATUTES.

The Great Lakes submerged land act, as to lands patented before Michigan became a State, applies only to unpatented lands and it gave the State no right to, or control over, such lands (CLS 1961, § 322.701 *et seq.*).

2. APPEAL AND ERROR—GREAT LAKES SUBMERGED LAND ACT—AMENDMENT—MOOT QUESTIONS.

Questions raised on appeal in suit to enjoin further landfill by littoral owners of land unpatented prior to Statehood *held*, moot because of recent amendment to Great Lakes submerged land act making the statute applicable to patented as well as unpatented lands (CLS 1961, § 322.701 *et seq.*, as amended by PA 1965, No 293).

3. COSTS—PUBLIC QUESTION—LANDFILL—SUBMERGED LANDS.

Costs are not awarded in suit to restrain littoral owners from any further landfill, a public question being involved (CLS 1961, § 322.701 *et seq.*, as amended by PA 1965, No 293).

Appeal from Ingham; Coash (Louis E.), J.   Submitted Division 2 March 4, 1966, at Lansing.   (Docket No. 854.)   Decided May 24, 1966.

Bill of complaint by People of the State of Michigan, *ex rel.*, Gerald E. Eddy, Director of Department of Conservation, to enjoin Ralph Reghi and Ruth Reghi from making any further landfill in Lake

REFERENCES FOR POINTS IN HEADNOTES

[1]  56 Am Jur, Waters § 52.
[2]  5 Am Jur 2d, Appeal and Error § 760 *et seq.*
[3]  5 Am Jur 2d, Appeal and Error § 1009.

St. Clair.  Bill dismissed.  Plaintiff appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Nicholas V. Olds* and *Jerome Maslowski,* Assistant Attorneys General, for the people.

*Leithauser & Leithauser (Robert C. Leithauser,* of counsel), *Carl Schweikart,* and *Donald A. Schindler,* for defendants.

Quinn, J.  March 3, 1955, on complaint of plaintiff, Ingham county circuit court issued a temporary injunction restraining defendants from making any further landfill in Lake St. Clair lakeward of their property in St. Clair Shores.  May 3, 1965, on motion of defendants, the trial court ordered dissolution of the temporary injunction and dismissal of the complaint.  Plaintiff appeals.

Originally, defendants' property was part of Private Claim 624, which was patented to a predecessor in defendants' chain of title by the United States government before Michigan became a State.  This case comes within the holding in *Klais* v. *Danowski* (1964), 373 Mich 262, and *Jeffries* v. *State, ex rel. Director of Department of Conservation* (1964), 373 Mich 287, that as to lands patented before Michigan became a State, the Great Lakes submerged lands act, CLS 1961, § 322.701 *et seq.* (Stat Ann 1958 Rev and 1963 Cum Supp § 13.700[1] *et seq.*) gave the State no right to, or control over, such lands because by its terms the statute was restricted to unpatented lands.  By PA 1965, No 293 (CL 1948, § 322.702 [Stat Ann 1965 Cum Supp § 13.700(2)]), the statute was made applicable to patented as well as unpatented lands.

In view of this amendment, it is our opinion the questions raised by this appeal are moot and the trial court's order denying plaintiff relief and dissolving the injunction is affirmed, without costs, a public question being involved.

McGREGOR, P. J., and HOLBROOK, J., concurred.