■ CAR-LYNN REALTY CORP., Respondent, v. ALMAR PROPERTIES, INC., et al., Appellants, et al., Defendants. DAVID FORMAN, Respondent-Appellant, v. ALMAR PROPERTIES, INC., et al., Appellants-Respondents, et al., Defendants.— Appeal by defendants Almar Properties, Inc., and Estate of Alice Dick from so much of a judgment of the Supreme Court, Suffolk County, dated March 10, 1967, as awarded plaintiff Forman damages and awarded plaintiff Car-Lynn Realty Corp. brokerage commissions; and cross appeal by plaintiff Forman from so much of said judgment as awarded him damages. Judgment affirmed insofar as appealed from, with one bill of costs to plaintiffs jointly against said appealing defendants. We are of the opinion that since the vendor contributed to the delay, plaintiff Forman's (the contract-vendee) failure to request an adjournment of the law day did not bar his action for damages for breach of contract. Furthermore, the return of Forman's check for the down payment (which was deposited over six weeks later, after Forman learned that the vendor no longer owned the property), accompanied by a letter purporting to release the vendor upon collection of the check, did not create an accord and satisfaction. Forman merely accepted money concededly due him "absolutely and at all events" and did not thereby intend to release his claim for damages (Hudson v. Yonkers Fruit Co., 258 N. Y. 168, 170). Of course, plaintiff Car-Lynn is entitled to recover its brokerage commissions pursuant to its agreement with the vendor (Gilder v. Davis, 137 N. Y. 504; Stern v. Gepo Realty Corp., 289 N. Y. 274; Amies v. Wesnofske, 255 N. Y. 156;

6 N. Y. Jur., Brokers, §§ 83, 101–103, 113, 114). Moreover, "where the sale fails of completion through the seller's own fault" the broker "must prevail" (*Levy* v. *Lacey*, 22 N Y 2d 271). Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur; Benjamin, J., concurs in the affirmance of so much of the judgment as is in favor of plaintiff Car-Lynn Realty Corp., but otherwise dissents and votes to reverse the judgment insofar as it is in favor of plaintiff Forman and to dismiss plaintiff Forman's complaint as against appellants, with the following memorandum: While I agree with the majority that the equities strongly favor plaintiff Forman, it seems to me inescapable that his acceptance of the check sent to him in full payment and discharge of all obligations arising out of the contract constitutes an accord and satisfaction with respect to an indivisible claim for damages arising out of the breach of contract.