■ NICHOLAS YUNIS, Respondent, et al., Plaintiffs, v SUTTER SIGNS, INC., Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff Nicholas Yunis, entered January 4, 1980 in Chemung County, upon a decision of the court at a Trial Term, without a jury. On February 9, 1973, through the efforts of plaintiff Nicholas Yunis, a real estate broker, and those of defendant's president, McDonald's of Elmira, N.Y., Inc. (McDonald's) entered into a real estate sale contract agreeing to buy defendant's premises on South Magee Street in Elmira for $22,500. Before that contract was executed, Yunis and defendant had entered into an oral listing agreement respecting this property. That agreement, reduced to writing on February 12, three days after execution of the contract between McDonald's and defendant, provides that a full commission is to be paid "if the property is sold or exchanged by you, by me, or by anyone else during the continuance of this contract, or if within six months thereafter the said property shall be sold or exchanged to or with any person to whom the property has been shown prior to the expiration of this listing". McDonald's apparently concluded that defendant's parcel was insufficient in size, and, in December, 1973, it repudiated the contract. Paragraph 5 thereof specifically limited defendant's remedy in the event of a breach to retention of the earnest money McDonald's had tendered. In the months that followed, defendant and its counsel put together a package of land parcels, adjacent to the existing McDonald's restaurant, which, in addition to defendant's South Magee Street property, included two other parcels defendant did not own. A contract to sell this land package for $26,000 was entered into on August 20, 1974 between defendant and an affiliate of McDonald's. Shortly after the sale was closed, payment of the commission was demanded and refused. The instant action was commenced and, following a nonjury trial, a judgment in favor of plaintiff Nicholas Yunis was rendered. This appeal ensued. We are unable to accept the trial court's conclusion that upon the signing of the February 9, 1973 contract the commission had been earned. The listing agreement conditioned payment on consummation of a sale or exchange of the property during the period the agreement was in effect, but such event did not occur. Furthermore, as the listing agreement was signed after the real estate contract of sale, reference

therein to a "sale" or "exchange" of the property has no significance if it did not contemplate completion of the transaction *(Stern v Gepo Realty Corp., 289 NY 274, 276)*. Finally, defendant's failure to seek specific performance is of no moment here for "It has been very generally held that a vendor is under no duty to his broker to enforce specific performance by the vendee, when commissions are conditioned upon performance; that the vendor may accept forfeiture by the vendee, return the down payment made, and not become liable thereby to pay his broker." *(Amies v Wesnofske, 225 NY 156, 163-164.)* Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.