■ JOHN CASELLA, Doing Business as CREST HAVEN REALTY, Respondent, v FRANK MOCZULSKI et al., Appellants. [720 NYS2d 379] —In an action to recover a broker's commission, the defendants appeal from stated portions of an order of the Supreme Court, Queens County (Price, J.), dated January 6, 2000, which, *inter alia*, denied their cross motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order as stated that the plaintiff may seek leave to allege an additional cause of action is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The plaintiff, a licensed real estate broker, commenced this action against the defendants to recover a commission pursuant to a written brokerage agreement. After issue was joined, the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

Assuming that both defendants signed the brokerage agreement, it provided that a commission would be earned only if "the property or any portion thereof [was] sold or exchanged" during the term of the agreement. It is undisputed that this did not occur. Thus, the defendants were entitled to summary judgment dismissing the complaint, which sought to recover damages for a commission purportedly earned pursuant to the agreement (*see, Cimarron Realty 100 v Horner,* 114 AD2d 924; *see also, Yunis v Sutter Signs,* 81 AD2d 957).

The defendants may not appeal from a statement in the order that the plaintiff may seek leave to allege an additional cause of action (*see, M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488). Thus, so much of the appeal as seeks review of that portion of the order is dismissed. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.