RESH v. FOX.

1. DEEDS—DELIVERY—TITLE.
    Delivery of a deed is essential to pass title.

2. SAME—DELIVERY—INTENT.
    The whole object of the delivery of a deed is to indicate the grantor's intent to give effect to the instrument.

3. SAME—DELIVERY—PRESUMPTION AS TO PASSAGE OF TITLE.
    The physical delivery of a deed to the grantee therein raises a presumption of intent to pass title, but the presumption is not conclusive and may be rebutted by evidence, including the subsequent conduct of the parties.

4. SAME—DELIVERY—INTENT TO PASS TITLE—SUBSEQUENT CONDUCT.
    Conduct of the parties subsequent to the physical delivery of a deed to the grantee therein may be taken into consideration in determining whether there was intention to pass title notwithstanding the presumption of passage of title arising by virtue of possession of the deed by the grantee.

5. SAME—DELIVERY—INTENT TO PASS TITLE—SUBSEQUENT ACTS.
    Subsequent acts of grantor during period of many years intervening prior to grantor's death after his physical delivery of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 16 Am Jur, Deeds §§ 111-116.
[4, 5, 7] 16 Am Jur, Deeds §§ 131-140.
[6] 3 Am Jur, Appeal and Error § 912.

deeds to his sister with instructions not to record them prior to his death, *held,* to support trial judge's finding in suit to set them aside, brought by his widow, to whom he had been married following delivery of such deeds, that grantor did not have an intent to convey a present title.

6. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—EVIDENCE.

The Supreme Court hears appeals in chancery cases *de novo,* but gives great weight to the findings of fact of the trial judge who had the opportunity of seeing the witnesses while testifying and does not reverse under such circumstances unless it finds from a reading of the entire record that it would have reached a different conclusion.

7. DEEDS — DELIVERY — INTENT TO PASS TITLE — EVIDENCE — SUBSEQUENT ACTS.

Record in widow's suit to set aside 2 deeds to property which grantor husband had executed and physically delivered to his sister prior to his marriage to plaintiff and subsequent deed of the property to plaintiff, defendant, and 2 brothers *held,* to present no reason to disturb trial judge's findings that deeds to defendant had not been intended to pass a present title to defendant sister.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted October 10, 1961. (Docket No. 48, Calendar No. 48,638.) Decided December 28, 1961.

Bill by Betty J. Resh against Margaret J. Fox, formerly Margaret J. Resh, to set aside deeds. Cross bill to quiet title. Decree for plaintiff. Defendant appeals. Affirmed.

*George C. Parzen* and *Maxwell I. Silverstein* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*Reid & Gilmore,* for defendant.

KAVANAGH, J. Plaintiff, widow of Stephen F. Resh, filed a bill of complaint in the Wayne county circuit court seeking to set aside 2 deeds. She alleged her husband, the grantor, never intended to deliver

the deeds since he continued to exercise the incidents of ownership and executed a later deed, both inconsistent with delivery.

Defendant Margaret J. Fox filed a cross bill asking that title be quieted in her.

The facts are briefly these: In 1941 Stephen F. Resh, an unmarried man, executed a quitclaim deed covering a building (containing stores and flats) on Van Dyke avenue in the city of Detroit, which he had acquired in 1937 or 1938, conveying this property to his sister, the defendant herein. He delivered the deed to her with instructions to keep it until his death, and upon his death Edward Resh (brother of Stephen and Margaret, and also an attorney as was Stephen) would tell her what to do with it. In 1945 Stephen F. Resh acquired title to a vacant lot next to the building. He subsequently prepared and executed a quitclaim deed of that property to his sister Margaret. Again, she was expressly instructed not to record the deed during the grantor's lifetime.

In April of 1954 Stephen F. Resh married plaintiff herein, and on August 1, 1958, he executed a quitclaim deed to both of the parcels here involved, giving his wife, Betty J. Resh, a 1/3 interest, Margaret J. Fox a 1/3 interest, and John C. Resh and George C. Resh, brothers, each a 1/6 interest. This deed reserved a life estate in Stephen F. Resh. He delivered the deed to his wife with instructions not to record it during his lifetime. Stephen F. Resh died on December 12, 1958. Immediately after his death Margaret J. Resh recorded her 2 deeds and plaintiff herein recorded her deed a day later.

During the entire period from 1941 to 1958 Stephen F. Resh collected and retained all rents from the property, paid all bills, taxes, and insurance, and kept the property assessed in his own name on the tax rolls. He also reported the income and deducted depreciation of the property on his income tax re-

turns, and executed leases and contracts for improvements in his own name. In some instances Stephen F. Resh inserted recitations that he was the owner and, more important, carried the fire insurance in his own name, and to all other purposes and intents treated the property as his own.

At the conclusion of the hearing the trial court made a finding that there was a manual delivery of the first 2 deeds to defendant, but that at the time of the delivery there was no intent to pass title. The trial judge then decided there was no valid delivery, and entered a decree canceling and vacating the first 2 deeds and holding the third deed passed title in accordance with its terms.

Margaret J. Fox appeals claiming she is the sole owner of the property by reason of her 2 deeds. Margaret argues in this Court that an act of complete delivery was made when the unconditional deeds were handed by the grantor directly to the grantee with affirmative evidence that it was done knowingly and voluntarily. She claims that under the same facts it is not necessary for the grantee, in order to prevail, to show affirmatively the grantor intended to make an absolute delivery. She argues that as against positive proof of an actual delivery, conclusions drawn by the trial court from later acts of the grantor do not justify the court setting aside the deeds on the ground the grantor could not have intended to deliver them at all.

Delivery of a deed is essential to pass title. The whole object is to indicate the grantor's intent to give effect to the instrument. *Thatcher* v. *St. Andrew's Church,* 37 Mich 264; *Noakes* v. *Noakes,* 290 Mich 231.

The test is whether it can be said that delivery of the deeds was such as to convey a present interest in the land. *Pollock* v. *McCarty,* 198 Mich 66. Physical delivery to the grantee raises a presumption of

intent to pass title. This presumption, however, is not conclusive and may be rebutted by the evidence. *In re Herbert's Estate,* 311 Mich 608. The subsequent conduct of the parties may be taken into consideration in determining whether there was intention to pass title. This may be done despite the presumption of passage of title arising by virtue of possession of the deed by the grantee. *Tighe* v. *Davis,* 283 Mich 244.

The question before the trial court was one of fact as to whether the subsequent acts of the grantor during a 17-year period indicated an intention to make a complete delivery and convey a present interest in the property. The trial judge concluded from all the evidence the grantor had no intention of passing a present title.

The cases relied upon by appellant, including *Lintner Estate* v. *Meier,* 344 Mich 119, and *Corkins* v. *Corkins,* 358 Mich 691, were cases in which the trial court found as a matter of fact there was intent to convey a present title. This Court found the record sustained the trial court and, therefore, refused to reverse.

Here the record in our opinion amply sustains the conclusions of the trial court that there was no intent to pass present title. The testimony on this point was conflicting. The trial judge, who had the opportunity of viewing the witnesses and hearing their testimony, resolved the issue in favor of plaintiff. While on a chancery appeal we hear the matter *de novo,* we do give great weight to the findings of fact of the trial judge who had the opportunity of seeing the witnesses while testifying. We do not reverse under such circumstances unless we find from a reading of the entire record we would have reached a different conclusion. *Ball* v. *Sweeney,* 354 Mich 616; *Straith* v. *Straith,* 355 Mich 267; *A & C Engineering Company* v. *Atherholt,* 355 Mich 677; *Futernick* v.

*Cutler,* 356 Mich 33; *Osten-Sacken* v. *Steiner,* 356 Mich 468; *Township of Superior* v. *Township of Ypsilanti,* 361 Mich 456. We have examined the record and see no reason for disturbing the trial judge's findings.

The decree of the lower court is affirmed, with costs in favor of plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, SOURIS, and OTIS M. SMITH, JJ., concurred.