WINIECKE *v.* SCHEURER.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE.

   The Court of Appeals hears appeals, which prior to 1963 would have been in chancery, *de novo,* but gives great weight to the findings of fact of the trial judge, and does not reverse under such circumstances unless it finds from a reading of the entire record that it would have reached a different result.

2. WATERS AND WATER COURSES—CHANNEL LOTS—RIPARIAN OR LITTORAL RIGHTS.

   Finding of trial court that plaintiffs knowingly purchased a channel lot and that no riparian or littoral rights were involved, *held,* correct, where review of the record convinces that no other finding was possible.

3. EVIDENCE—EXHIBIT—STATUTE OF FRAUDS—AGENCY.

   Denial of admission of preliminary sales agreement in suit to enjoin obstruction to view and interference with littoral rights *held,* correct, where it was signed by only 2 of 5 tenants in common, there was no authorization for the 2 to sign for the others, it was not dated, contained a faulty description, and was void under the statute of frauds (CL 1948, § 566.108).

4. TENANCY IN COMMON—ORAL AGREEMENT—AGENCY.

   Contention that 2 of the 5 defendant tenants in common agreed to remove offending spoil bank and that such agreement was binding on all defendants is rejected, where the record does not sustain a finding that such an agreement was made, and if it did, there is no showing of a basis for holding such an agreement was binding on all defendant tenants in common.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 703, 882.
[2] 56 Am Jur, Waters § 282.
[3] 49 Am Jur, Statute of Frauds § 407.
[4] 20 Am Jur 2d, Cotenancy and Joint Ownership § 2.

Appeal from Huron; Bach (Arthur M.), J. Submitted Division 2 March 4, 1966, at Lansing. (Docket No. 389.) Decided April 26, 1966.

Complaint by Arthur Winiecke and Frances B. Winiecke against Clare A. Scheurer, Clara Scheurer, Charles H. Kretschmer, Nicholas J. Rothe, and Mildred Rothe to enjoin obstruction of view and interference with littoral rights. Judgment for defendants, and new trial denied. Plaintiffs appeal. Affirmed.

*Robert E. Childs,* for plaintiffs.

*Werner Clabuesch* and *Rothe, Marston, Mazey, Sachs & O'Connell* (*D. Charles Marston,* of counsel), for defendants.

QUINN, J. Plaintiffs filed this action in Huron county circuit court to obtain injunctive and other relief. Trial resulted in judgment for defendants; motion for new trial was denied and plaintiffs appeal. The 3 questions raised on appeal are as follows:

1. Are the declarations made by two of several owners of real estate as tenants in common binding upon the other cotenants?

2. Did the circuit court err in holding that plaintiffs were purchasers of "channel lots"?

3. Are plaintiff owners entitled to an unobstructed view of Wild Fowl Bay?

October 2, 1954, the owners recorded the plat of Island View subdivision located in Caseville township, Huron county, Michigan. Defendants Scheurer and Rothe were among the owners. In the process of developing and platting this subdivision, the owners had dug a channel on land retained by them

and lying between the subdivision and Wild Fowl Bay. By the end of July, 1954, the channel was completed in front of and for a considerable distance on both sides of lot 2 of said subdivision. June 22, 1954, plaintiffs made a deposit of $600 on lot 2 and received a preliminary sales agreement signed by defendants Clare A. Scheurer and Nicholas J. Rothe (exhibit 2). By land contract dated January 5, 1955, plaintiffs contracted to purchase said lot 2. The copy of this contract offered and received in evidence at trial as defendants' exhibit 2 contained the following:

"The sellers agree as follows: to sell * * * . Subject to restrictions and reservations of record and as hereinafter set forth."

and had attached to it a statement of restrictions which contained the following:

"The grantors expressly reserve the right to maintain, improve, and extend all roads, drives, and channels over and across any lots retained by them on this plat and any other undeveloped land owned by them. * * *

"That the owners of lots fronting on channel shall have exclusive use of the land lying between their lot line and channel, providing however, that the grantors, their successors, heirs, and assigns reserve the right to maintain and improve said channel as hereinafter provided. No structure of any kind shall be erected or moved onto the land lying between lot line and channel and said land shall be kept clean at all times."

A declaration of plat restrictions with identical language to that just quoted was recorded December 1, 1955, in liber 235 of deeds, page 586. By deed dated November 4, 1955, and recorded December 9, 1955, plaintiffs took title to lot 2 subject to "This deed is given subject to reservations, conditions, and

restrictions recorded in liber 235 of deeds, page 586."
Plaintiffs built a permanent home on lot 2 and moved
into it in 1956.  In 1963, defendants had further work
done on the channel that runs in front of plaintiffs'
property and increased the height and width of the
spoil bank on the bay side of the channel to the ex-
tent that plaintiffs contend it cuts off their view of
the bay.  Claiming that lot 2 extended to the water's
edge of Wild Fowl Bay, plaintiffs brought this ac-
tion on the theory that this obstruction of view
violated their littoral rights, and that such violation
entitled them to have the offending bank removed.

Prior to GCR 1963, plaintiffs' action would have
been in chancery, so the appeal is heard *de novo,* but
great weight is to be given to the findings of fact by
the trial judge.  *Resh* v. *Fox* (1961), 365 Mich 288.
Unless a reading of the entire record convinces this
Court that it would have reached a different result,
reversal is not in order.  *Resh, supra.*  The trial
court found that plaintiffs knowingly purchased a
channel lot and that no riparian or littoral rights
were involved.  A review of the record convinces us
that no other finding was possible.

The trial court ruled inadmissible plaintiffs' ex-
hibit 2, the preliminary sales agreement signed by
Clare A. Scheurer and Nicholas J. Rothe.  At the
time exhibit 2 was given, there were 5 owners of this
property, each with an undivided interest.  Exhibit 2
recited that plaintiffs · agreed to purchase from
Rothe, Goodman, Armitage, Schram, and Scheurer.
No written authorization for Rothe and Scheurer to
sign for the others was shown.  Exhibit 2 was void
under CL 1948, § 566.108 (Stat Ann 1953 Rev § 26-
.908).  It did not bind the parties not signing it;
it was not dated and contained a faulty description.
The trial court was correct in not admitting exhibit
2.

Finally, plaintiffs contend 2 of the defendants orally agreed to remove the offending bank and that this agreement is binding on all defendants. The record does not sustain a finding that such an agreement was made, and if it did, there is no showing of a basis for holding such an agreement was binding on all defendants.

Affirmed, with costs to defendants.

McGREGOR, P. J., and HOLBROOK, J., concurred.