*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MITCHELL N. BUNKER AND LINDA K. BUNKER TRUST.

---

RANDOLPH BUNKER,

        Petitioner-Appellee,

v

DIXIE BUNKER, Successor Trustee of the
MITCHELL N. BUNKER AND LINDA K.
BUNKER TRUST,

        Respondent-Appellant.

UNPUBLISHED
February 13, 2026
11:24 AM

No. 368218
Cheboygan Probate Court
LC No. 22-015417-TV

---

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals the probate court's order that quieted title to real property in accordance with an arbitration decision. Specifically, the arbitration decision invalidated four deeds that purported to convey parcels of land from a trust to respondent and other grantees, and the probate court entered judgment quieting title of those parcels in the trust. We affirm.

## I. FACTS

Mitchell Bunker and Linda Bunker created a revocable living trust, the Bunker Trust, that held title to several parcels of real estate. Mitchell and Linda were named as the original trustees, and respondent Dixie Bunker, one of Mitchell and Linda's daughters, was named as a successor trustee and beneficiary. Petitioner Randolph Bunker, one of Mitchell's and Linda's sons, was named as a beneficiary only.

In May 2020, Mitchell and Linda signed a note indicating a desire to sell some of the properties and to appoint respondent as the first successor trustee. A subsequent amendment to

-1-

the Bunker Trust appointed respondent as first successor trustee, but no action was taken to convey any property from the Bunker Trust.

In June 2021, four Lady Bird deeds[1] were created. These deeds, which were purportedly created by Linda, attempted to convey real property belonging to the Bunker Trust to respondent and other grantees. These other grantees did not include petitioner or other named beneficiaries in the Bunker Trust. Although each of the deeds contained a handwritten notation that indicated Linda created them, none of the deeds named her as a grantor. Likewise, although all four deeds named Mitchell as the grantor, each of the deeds named him in his individual capacity rather than as a trustee or settlor of the trust.

Linda died on August 16, 2021, and Mitchell signed the deeds on September 17, 2021. Respondent recorded the four Lady Bird deeds in Cheboygan County on October 4, 2021. A county official sent a letter addressed to Michell on October 15, 2021, indicating that the deeds were invalid because the property that was to be conveyed as described in the deeds belonged to the Bunker Trust. Because Mitchell, as grantor, had signed the deeds in his individual capacity rather than as a trustee, the deeds were invalid. The letter directed Mitchell to correct the name of the grantors to validate the deeds.

Mitchell, however, died on October 18, 2021. On November 19, 2021, respondent recorded the Lady Bird deeds again. The deeds had been altered so that the grantor that was named on each of the deeds was the Bunker Trust or Mitchell as trustee.

Petitioner subsequently filed an action in probate court alleging several counts, including fraud, undue influence, and duress. Specifically, he alleged that respondent conspired with the other grantees named in the deeds to convey the land from the Bunker Trust through improper means. The Bunker Trust instrument required that any controversy arising between the trustee and other parties to the trust be resolved through binding arbitration. The arbitration proceedings would be governed by the American Arbitration Association (AAA) Commercial Arbitration Rules and Mediation Procedures. Respondent moved for arbitration, and, in a signed arbitration agreement, the parties selected attorney Robert A. Banner as the arbitrator to resolve the dispute regarding the Lady Bird deeds.

Weeks before the arbitrator released his final decision, the parties convened for a status conference. Although neither respondent nor petitioner appeared for the meeting, their respective attorneys did. Following that conference, the parties' attorneys signed a written agreement to waive oral testimony before the arbitrator and instead submit written briefs with accompanying exhibits, after which the arbitrator would issue a written decision. Each party submitted arbitration briefs.

The arbitrator released a written decision that found in petitioner's favor. The arbitrator made several key findings of fact. Namely, the arbitrator concluded that Linda had not created the

---

[1] "A Lady Bird deed conveys an enhanced life estate that reserves to the grantor the rights to sell, commit waste, and almost everything else." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 687 n 2; 880 NW2d 269 (2015) (cleaned up).

Lady Bird deeds because she had not included her name as a grantor despite owning the properties to be conveyed alongside Mitchell. The arbitrator concluded further that the deeds were invalid because there was no delivery. Specifically, the arbitrator concluded that any presumption of delivery was defeated because Mitchell had not personally recorded the deeds, the deeds were never delivered to any of the grantees besides respondent, and Mitchell had never authorized respondent to act on his behalf. Respondent's second act of recording was not effective delivery because it occurred after Mitchell and Linda had died. The arbitrator also found that the deeds were invalid because they conveyed a life estate measured by the life of the Bunker Trust itself. The arbitrator ultimately concluded that the real estate parcels described in the Lady Bird deeds remained the property of the Bunker Trust, and should be administered by the terms of the Bunker Trust.

The arbitrator canceled an arbitration hearing that was to occur after the written decision was released because the decision resolved all pending issues. Petitioner filed a motion in the probate court to enter an order to quiet title to give effect to the arbitration decision. Respondent filed multiple objections to the arbitration decision. In her challenges to the proceedings, respondent argued that the arbitrator had exceeded his authority under the AAA. Specifically, she argued that she had not agreed in writing to waive oral testimony or to resolve the dispute through written briefs only. She also argued that the AAA Rules did not allow the arbitrator to cancel the arbitration hearing. Following a hearing, the probate court affirmed the arbitration decision and entered an order quieting title. This appeal followed.

## II. ANALYSIS

This Court "reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award." *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). That said, "[a] court may not review an arbitrator's factual findings or decisions on the merits," but "may only review an arbitrator's decision for errors of law." *TSP Servs, Inc v Nat'l-Std, LLC*, 329 Mich App 615, 620; 944 NW2d 148 (2019) (cleaned up). "[I]n determining whether there is legal error, the court cannot engage in a review of an arbitrator's mental process." *Id.* (citation omitted). "[E]rror, if any, must be evident from the face of the award and so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991) (cleaned up). Without such an error, court intervention is not warranted, and the arbitrator's award and decision will not be set aside. *TSP Servs*, 329 Mich App at 620.

Respondent argues that the probate court erred by entering the order to quiet title. She does so by attacking the arbitration decision on both procedural and substantive grounds. Regarding the arbitration proceedings, respondent argues that the arbitrator exceeded his authority as given by the AAA Commercial Arbitration Rules and Mediation Procedures ("the AAA Rules"). On substantive grounds, she challenges the factual and legal conclusions made by the arbitrator.

## A. ARBITRATOR'S AUTHORITY

Respondent's procedural arguments all contend that the arbitrator exceeded his authority as given by the various agreements signed by the parties as well as the discretion afforded to arbitrators to control the proceedings under the AAA Rules. "[A]n allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way*, 438 Mich at 497.

Respondent first argues that the arbitrator exceeded his authority to enter a final, written decision without holding an evidentiary hearing to allow for oral testimony. In making this argument, respondent argued that AAA Rule 33, "Conduct of Proceedings," only allowed the arbitrator to postpone a hearing and did not allow him to issue a final decision without a hearing having first taken place.

Respondent's reliance on this rule is misplaced. Rule 33(a) provides that each party shall be allowed to present evidence to support his or her claim. Rule 33(a) also provides that "[t]he arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case." Rule 33(b) requires the arbitrator to exercise his or her discretion with an aim to expedite proceedings toward resolution of the dispute. Most importantly, the plain text of Rule 33(d) provides that "[t]he parties may agree to waive oral hearing in any case . . . ."

Following a status conference before the arbitration began, each party's attorney signed a written agreement to waive an oral hearing and to instead submit briefs to the arbitrator regarding the issue of ownership of the real estate at issue. Each party—who both operated with the aid of legal representation—was permitted to submit an arbitration brief and any evidence they felt supported their claims. No party was allowed to provide witness testimony, written or oral, to the arbitrator. None of the written agreements signed by the parties prevented the arbitrator from resolving the dispute without a hearing.

In short, the arbitrator exercised his authority under Rules 33(a) and (d) to control the arbitration proceedings. Respondent's argument that she did not personally agree to waive oral testimony is misplaced. Her attorney expressly agreed to the conditions of the arbitration in open court, and respondent has provided no evidence of mistake, fraud, or unconscionable advantage that caused that agreement. See *Siegel v Spinney*, 141 Mich App 346, 349; 367 NW2d 860 (1985). Moreover, the parties agreed in writing to authorize the arbitrator to resolve any and all disputes that may arise during the proceedings. *Mitchell v Dahlberg*, 215 Mich App 718, 725; 547 NW2d 74 (1996). There is no reversible claim of error made on the basis of Rule 33. *TSP Servs*, 329 Mich App at 620.

Respondent's other arguments on appeal concerning other AAA Rules are similarly misplaced. Respondent argues that the arbitrator should have been disqualified under AAA Rule 19, "Disqualification of Arbitrator," because the arbitrator failed to be neutral and impartial during the proceedings. But this argument is made without any factual support from the record or through citation to other legal authority. "This argument is thus abandoned." *Barrow v Detroit Election Comm*, 305 Mich App 649, 683; 854 NW2d 489 (2014) (citation omitted). She also

argues that the arbitrator exceeded his authority in not allowing her to provide further evidence under AAA Rule 40, "Closing of Hearing." But Rule 40(a) authorizes the arbitrator to close the record when he or she is satisfied the record is complete, and Rule 40(b) closes proceedings on the date that briefs are filed with the arbitrator. Read in conjunction with Rule 33(a), Rule 40 granted the arbitrator the authority to close the record upon his satisfaction that it was complete.

Respondent's final argument concerning the arbitrator's authority relates to information related to dismissed criminal charges brought against her in Cheboygan County that she argued petitioner included in his arbitration brief. Respondent argues that this information improperly influenced the arbitrator to decide against her, but AAA Rule 35, "Evidence," forecloses respondent's argument on this issue. Rule 35(a) authorizes the parties to offer evidence that is "relevant and material to the dispute . . . as the arbitrator may deem necessary to an understanding and determination of the dispute." Rule 35(a) further states that "[c]onformity to legal rules of evidence shall not be necessary," and Rule 35(b) empowers the arbitrator to determine the "admissibility, relevance, and materiality of the evidence offered." This information was admissible for the arbitrator to consider. Respondent asks this Court to analyze how this information may have influenced the arbitration decision. We cannot, because such analysis would require inquiry into the arbitrator's mental processes. See *TSP Servs*, 329 Mich App at 620.

We find that the arbitrator did not exceed his authority under the AAA Rules. Therefore, the procedural issues that respondent raises on appeal do not establish clear legal error requiring reversal of the arbitration decision. *TSP Servs*, 329 Mich App at 619-620.

## B. ARBITRATOR'S ALLEGED ERRORS OF LAW

Respondent's remaining issues on appeal assert substantive errors in the arbitration decision itself. This Court's review for legal error regarding an arbitration award, however, is limited to a review of "the face of the award itself." *Id.* "Reviewing courts should focus upon the materiality of the legal error to test whether judicial disapproval is warranted, and not upon the question of whether the rule of law was so well settled, widely known, or easily understood that the arbitrators should have known of it." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 443-444; 331 NW2d 418 (1982).

Each of respondent's remaining issues on appeal do not establish clear legal error necessitating appellate correction. *TSP Servs*, 329 Mich App at 620. Respondent first argues that the Cheboygan County Register of Deeds violated Michigan recording laws because the Lady Bird deeds should have been valid on October 4, 2021, which was the date they were first recorded. Therefore, she argues, there was no need for them to have been rejected and subsequently re-recorded. Respondent next argues that the terms of the Bunker Trust allowed Mitchell and Linda to make any changes regarding the Bunker Trust itself and its property as they wished so long as such changes were made in writing. Finally, respondent argues that the arbitrator was wrong to conclude that the disputed real estate parcels belonged to the Bunker Trust because the Lady Bird deeds validly transferred the property before Mitchell died.

Respondent's arguments, however, are misguided. The arbitrator determined that the deeds were invalid on at least two grounds, including the lack of valid delivery. Specifically, the arbitrator found that the only evidence presented by either party to indicate that Mitchell and Linda

intended to convey land was the May 2020 document expressing a desire to sell property and to amend the trust. The arbitrator concluded that neither Mitchell nor Linda had the intent to convey land after this juncture. On the basis of that factual determination, he concluded that delivery of the Lady Bird deeds never occurred and the real estate parcels remained within the Bunker Trust.

"Delivery of a deed is essential to pass title. The whole object is to indicate the grantor's intent to give effect to the instrument." *Resh v Fox*, 365 Mich 288, 291; 112 NW2d 486 (1961). Whether delivery took place is a question of fact. *Id.* at 292. Here, the arbitrator concluded that delivery of the deeds did not, in fact, occur because Mitchell and Linda lacked the intent to convey land. Therefore, any supposed conveyance of trust property by deed was invalid. *Id.* Whether the Bunker Trust allowed Mitchell and Linda to convey property held by the Bunker Trust by deed or not is irrelevant. The arbitrator's findings of fact are binding, and there is no apparent clear error of law. *TSP Servs*, 329 Mich App at 620.

The final issue respondent raises concerns petitioner's allegations of fraud and duress. She argues that no valid proof of fraud or duress was presented during the arbitration proceedings. Respondent, however, does not develop this issue any further than an implicit assertion that the arbitrator improperly considered these allegations against her. The arbitration decision, in fact, does not address fraud, duress, or undue influence. We therefore deem these issues and any accompanying arguments abandoned. See *Barrow*, 305 Mich App at 682-683.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman