MAYHEW *v.* WILHELM.

1. WILLS—DEEDS—JOINT TENANCY—CONVEYANCES NOT TESTAMENT-ARY IN CHARACTER—AFTER-BORN CHILD.

Where a mother, in anticipation that she might not survive child-birth, created in her property a joint tenancy between herself and her children by former marriage, and, so far as said conveyances were recordable, had them recorded, thus putting revocation beyond her power, and will made at same time did not include said property, and, although she survived child-birth and was accidentally killed about three months there-after, she never took any steps to nullify said conveyances, it cannot be said that they were testamentary in character so as to entitle child born after they were executed to an interest in property conveyed under 3 Comp. Laws 1915, § 13790.

2. SAME—EVIDENCE.

In determining whether an instrument is of testamentary char-acter, it is permissible to examine its contents, and, if neces-sary, to consider extraneous circumstances.

3. DEEDS—DELIVERY—JOINT TENANCY.

In suit to set aside conveyances whereby a mother created joint tenancy between herself and her children by former marriage, on ground of want of delivery, evidence *held,* to show con-clusively that there was valid delivery.

4. SAME—DELIVERY TO ONE OF SEVERAL JOINT GRANTEES DELIVERY TO ALL.

Delivery of deeds to one of several joint grantees, in absence of proof to contrary, is delivery to all of grantees.

Appeal from Wayne; Lamb (Fred S.), J., presid-ing. Submitted January 16, 1930. (Docket No. 2, Calendar No. 33,772.) Decided March 6, 1930.

Bill by June Estella Mayhew, by Edward S. May-hew, her next friend, against Ruth Wilhelm and

others to set aside certain conveyances of realty because of failure of delivery. From a decree for plaintiff, defendants appeal. Reversed.

*Anthony Nelson,* for appellants.

*Maurice E. Fitzgerald,* for appellee.

NORTH, J. About 10 years previous to her death, which occurred August 3, 1924, Mrs. Estella Mayhew married Dr. Edward S. Mayhew. She was previously wedded, and the three defendants in this case are children of her former marriage. Mrs. Mayhew became possessed of some property at the death of her first husband. Until approximately six months before her death, she seems to have kept the title to all of her property in her own name and to have handled it on her own account. She disposed of certain parcels and reinvested in others. In the latter part of 1923 Mrs. Mayhew became pregnant. She was then nearly 45 years of age, and the record discloses that she viewed approaching childbirth with serious alarm. She felt that she would not survive the ordeal, and witnesses for both plaintiff and defendants testified that she repeatedly announced her intention of making a disposition of her property, stating that in the event of her death she wanted it to pass to the children of her first marriage. She was then the owner in fee of some property, and as to other parcels her interest was that of a vendee under land contracts. With the evident purpose of carrying out her announced intention, in February, 1924, she paid to a Mr. Holm the balance of the contract price for one parcel of land, and took from him a warranty deed to herself and her son Howard as joint tenants. This deed was recorded February 26, 1924. She also had title

in fee to another parcel of land which she had owned since 1919. She deeded this to a Mr. Stone, February 20, 1924; and on the same day he deeded the property to Estella Mayhew, Ruth Wilhelm, and Virgil Wilhelm, "all to hold as joint tenants and not as tenants in common." These deeds were recorded February 26, 1924. Mrs. Mayhew also had a vendee's interest in land contracts covering six other lots. In February, 1924, she assigned her interest in the contract covering two of these lots to Mr. Stone; and in April, 1924, she made a similar assignment to him of each of the other four contracts. On the same day the contracts were assigned to him, Mr. Stone assigned each one to Mrs. Mayhew and to one or more of the defendants herein "to hold as joint tenants and not as tenants in common." These contracts, to which the respective assignments were attached, were not recordable, because they were not witnessed and acknowledged. Mrs. Mayhew retained control until her death of all the papers involved in the above transactions. But there is undisputed testimony that she told the defendants and others that she had so arranged her affairs that the property would go to the defendants upon her death, saying, as Howard Wilhelm testified:

"That she wanted her own children, Ruth, Virgil, and myself, to have the property, because we were the rightful heirs to it, and that the doctor was making enough money to take care of anything—himself and his own children."

The plaintiff herein is the child whose birth was in prospect, and she was born May 18, 1924. Mrs. Mayhew's premonitions as to serious consequences attending this childbirth proved unfounded, but about three months thereafter she was

killed in an automobile accident. Besides having made the above noted disposition of her real estate, on February 20, 1924, Mrs. Mayhew made a will by which she bequeathed all her personal property to her daughter Ruth. This will was admitted to probate, but the plaintiff herein, under the provisions of the statute (3 Comp. Laws, 1915, § 13790), received the same share of the personalty as she would have taken had Mrs. Mayhew died intestate. The statute cited is as follows:

"When any child shall be born after the making of his father's or his mother's will and no provision shall be made therein for such child, he or she shall have the same share in the estate of the testator as if the parent had died intestate. And the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child."

The bill of complaint, as originally filed, sought cancellation of the deeds and assignments above noted on the theory that they constituted a testamentary disposition of Mrs. Mayhew's real property; or that they should be construed by the court to be subject to the provision of the statute above quoted, and the plaintiff herein should be decreed to have inherited a one-fourth interest in the real estate involved. The bill of complaint also charged that Mrs. Mayhew was induced to make the above-mentioned deeds and assignments through the fraud and undue influence of the defendant Ruth Wilhelm, who was Mrs. Mayhew's oldest child. On the hearing of the case, the testimony developed the fact above noted, that none of the deeds or assignments hereinbefore referred to came into the manual

possession of any of the defendants until after the death of Mrs. Mayhew, but instead they were either held by her or kept with other papers in a safety deposit box with the Detroit Trust Company. After this fact appeared, permission was given to file an amended bill of complaint, wherein it was alleged that Mrs. Mayhew's attempted conveyance of an interest in her real estate to the respective children of her first marriage was ineffectual and void for want of delivery.

By the decree of the lower court, the deeds and assignments in controversy were set aside, and plaintiff adjudged to have inherited from her mother a one-fourth interest in all the property involved in this litigation. The record does not disclose the ground on which the trial judge granted this relief to plaintiff; but it seems fair to presume that this determination resulted from a finding that there was no delivery of the deeds or the assignments.

It would serve no practical purpose to review in detail the testimony given on the hearing of this case. We have considered it carefully, and are thoroughly convinced the proof does not sustain plaintiff's allegation that the deeds and assignments which she seeks to have set aside were obtained by fraud, deceit, or undue influence. On the other hand, it conclusively appears that in making this disposition of her property, Mrs. Mayhew carried out a well-considered and definite plan by which she sought to create in her property a joint estate with the children of her first marriage, so that upon her death title would vest in them. Two questions are presented: (1) Were the transactions by which Mrs. Mayhew sought to create a joint tenancy between herself and the children of her first marriage testamentary in character? and (2) Are the instru-

ments in which the defendants are named as grantees or assignees invalid for want of delivery?

Under the facts and circumstances of this case, we are satisfied that the deeds and assignments here assailed were not testamentary in character. This conclusion is sustained by the reasons appearing in the record which Mrs. Mayhew assigned for wishing this property to pass to the children of her first marriage, and also, to some extent, by the fact that she lived substantially three months after the child's birth, in anticipation of which she seems to have consummated these transactions, but at no time did she undertake to nullify or set aside these conveyances. The fact that she made a will at the same time and did not include therein a disposition of any of her real estate is quite indicative of the fact that she looked upon her deeds and assignments as instruments that vested in her children a present interest, and that she did not intend them to be of a testamentary character. So far as it was possible, she caused these conveyances to be recorded, thus putting revocation beyond her power. In determining whether an instrument is of a testamentary character, it is permissible to examine its contents (*Sprunger* v. *Ensley,* 211 Mich. 103), and, if necessary, to consider extraneous circumstances (*Murray* v. *Kator,* 221 Mich. 101). Nothing appears in any of these deeds or assignments which tends to indicate that they were executed to accomplish a testamentary purpose. Nor do we find testimony in this record of extraneous facts or circumstances which would justify such a conclusion. Not being instruments of a testamentary character, they do not come within the provision of the statute above quoted.

Plaintiff's contention that the deeds and assignments here involved were not delivered is not sus-

tained by the proof. Mrs. Mayhew was named as a joint tenant along with one or more of her children in each of the instruments here claimed to be invalid for want of delivery. But the undisputed proof shows conclusively that each and every one of these instruments was delivered to Mrs. Mayhew. She was one of the joint grantees; and delivery to one of several joint grantees, in the absence of proof to the contrary, is delivery to all of the grantees. *Eshleman* v. *Henrietta V. Co.,* 102 Cal. 199 (36 Pac. 579). Further, as noted above, in so far as the instruments involved were capable of being recorded, Mrs. Mayhew had them recorded forthwith. She told at least one of the defendants that these papers were left for them with the trust company. Under the circumstances disclosed in this record, we think there is satisfactory proof of delivery of all of the instruments which the plaintiff seeks to have nullified.

Plaintiff has not established her right to the relief sought in the bill of complaint, and it is dismissed, with costs of both courts to the appellants.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.