## TACKABERRY v. MONTEITH.

1. WITNESSES—MATTERS EQUALLY WITHIN THE KNOWLEDGE OF DECEASED.

   Within the meaning of statute relative to matters equally within knowledge of deceased, plaintiff, the heir-at-law of a deceased grantee under a warranty deed, is the opposite party in interest to defendant claiming interest in same property under a subsequently executed quitclaim deed by same grantor,

who was the mother of both grantees and who remained in possession of the premises until her death which occurred after the second deed had been executed (3 Comp. Laws 1929, § 14219).

2. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— WAIVER OF OBJECTIONS AND STATUTES.

Where plaintiff and defendant claim property under different deeds from the same grantor, the statute relative to matters equally within the knowledge of deceased applies equally to both parties and the introduction of such testimony by one party who had previously objected to the introduction of such testimony by the other not only waived the objection but also the statute (3 Comp. Laws 1929, § 14219).

3. DEEDS—DELIVERY—EVIDENCE—RECORDING—PRESUMPTIONS.

In suit to establish ownership of house and land in a village, claimed by plaintiff as heir-at-law of her father to whom his mother had conveyed it by warranty deed, and claimed by defendant under a subsequent quitclaim from the mother, evidence other than that claimed to have been equally within the knowledge of deceased grantor *held*, sufficient to sustain trial court's findings that warranty deed was not testamentary in character, that it was returned to grantor after recording following the striking out of language that it was not to be effective until after death of grantor without evidence she objected to it and there is no evidence tending to overcome presumption of delivery arising from fact that deed was recorded (3 Comp. Laws 1929, § 14219).

4. SAME—PRESUMPTIONS—ACCEPTANCE.

A warranty deed which is beneficial to the grantee will be presumed to have been accepted by him.

5. SAME—SUBSEQUENT DEED BY SAME GRANTOR—TITLE.

After grantor had conveyed house and lot to one son by a warranty deed, her subsequent conveyance by quitclaim deed of same property, another lot, and a farm to another son passed no title to house and lot to second son.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 9, 1940. (Docket No. 19, Calendar No. 41,259.) Decided December 10, 1940.

Bill by Ila Tackaberry, administratrix of the estate of John S. Monteith, deceased, and by Ila

Tackaberry, administratrix of the estate of Caroline Monteith, deceased, against Fred Monteith to quiet title to real property. Decree for plaintiff. Defendant appeals. Affirmed.

*Edward J. Ryan* and *Lewis M. Phelps,* for plaintiff.

*Leo W. Hoffman,* for defendant.

NORTH, J. This suit was brought to establish the ownership of a house and parcel of land described as lot 8 of the .village of Otsego, Allegan county, Michigan. The property was formerly owned by Caroline Monteith and she occupied it until her death, July 31, 1932. She was the mother of defendant Fred Monteith and of John S. Monteith, who died in 1928. Plaintiff, Ila Tackaberry, now Ranney, is the daughter and heir-at-law of John S. Monteith, deceased. As his heir-at-law and the administratrix of his estate, and also as the administratrix of Caroline Monteith's estate, plaintiff seeks to establish the validity of a warranty deed of this lot 8, which deed purports to have conveyed title of the lot to plaintiff's father, John S. Monteith, on April 5, 1918; and plaintiff also seeks cancellation of that portion of a quitclaim deed dated March 29, 1932, which purports to convey this lot to defendant Fred Monteith. Defendant in his answer has denied plaintiff's right to the relief sought, and by cross bill he has prayed for cancellation of the warranty deed from his mother to his brother John, dated April 5, 1918. After hearing in open court the circuit judge granted to plaintiff the relief sought. Defendant has appealed.

Plaintiff asserts valid delivery of the deed from her grandmother to her father; but defendant in

his cross bill challenges such delivery and also alleges the deed is invalid because it was testamentary in character.

At the outset we are confronted with appellant's claim that the trial judge over defendant's objection erroneously permitted plaintiff to testify to matters equally within the knowledge of her deceased grandmother. Appellant asserts that as the grantee in the Caroline Monteith deed which plaintiff seeks to have annulled, he stands in the position of an assignee of the deceased (*Ripley* v. *Seligman*, 88 Mich. 177); and further that plaintiff as the heir-at-law of John S. Monteith is the opposite party in interest to defendant. We think appellant's contention is correct. 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914); *Bailey* v. *Holden*, 113 Mich. 402; *Sheldon* v. *Carr*, 139 Mich. 654.

But, as pointed out in appellee's brief, notwithstanding plaintiff's testimony as to matters equally within the knowledge of Caroline Monteith, deceased, was objectionable, defendant waived the objection by also testifying to matters equally within the knowledge of deceased. The record clearly discloses testimony by defendant of this character. The statute applies in this case equally to plaintiff and defendant.

" 'The opposite party by so introducing the prohibited testimony has waived the statute. The other protected party may either: 1, Object to the testimony and rely upon his objection; 2, Let the testimony be received without objection, in which event he also waives the statute; or 3, Notwithstanding his objection, offer equally incompetent testimony as to the same matter, in which event he waives not only his objection but also the statute.' " *Newton* v. *Freeman*, 213 Mich. 673.

While the trial judge in his opinion referred to this testimony taken under objection, it is not at all clear to what extent, if at all, he relied upon it in reaching his conclusion. Instead, the circuit judge stated in his opinion: "If the testimony of Ila and her mother is to be given any weight," et cetera. Notwithstanding the above-noted ruling of the circuit judge, the question is before us on this appeal as to whether plaintiff established by competent testimony valid delivery of the deed from her grandmother to her father, dated April 5, 1918. In reviewing the relevant testimony we might well disregard the testimony of plaintiff for the reason above noted, because it does not change the result.

Since both the grantor and grantee had died before this controversy arose, testimony as to delivery of the deed must come wholly from other sources. After Caroline Monteith's death there was found in her safe in the house on this lot 8 where she had been living, the warranty deed to John. There was also in her safe a land contract between Mrs. Monteith as vendor and her son John as vendee for a consideration of $1,269.35. This contract purported to have been executed simultaneously with the deed. There is no testimony that the consideration was paid. In fact a claim against John's estate in the amount of $1,257.12 was allowed in favor of the Caroline Monteith estate. When this deed was drafted it contained the following: "This deed not effective until after death of first party." The deed was recorded February 15, 1927; but prior to recording the above-quoted provision had been stricken—*i.e.* a line had been drawn through it. There is no direct testimony as to who made this alteration. But the record made in the register of deeds office shows that, after re-

cording, the deed was returned to Mrs. Caroline Monteith. Concerning this phase of the record the circuit judge said:

"Then the whole matter seems to turn on who recorded the deed and struck out the statement above referred to. If she (Caroline Monteith) did, we may conclude that she delivered the deed to John, with the intention of passing title. This would dispose of the idea that the deed was 'testamentary' in character. 16 Am. Jur. Deeds, p. 543, § 189.

"Recording of the deed by the grantor is *prima facie* evidence of delivery. 16 Am. Jur. Deeds, p. 513, §§ 135 and 447; *Lawton* v. *Campau*, 214 Mich. 535, 537; *Griffin* v. *Hovey*, 179 Mich. 104, 109; *Holmes* v. *McDonald*, 119 Mich. 563, 566 (75 Am. St. Rep. 430). Apparently, Caroline Monteith recorded the deed. She had possession of it from the time of its execution and it was found among her effects at her death. So it seems as if she is the only one who could have recorded it.

"The record in the office of the register of deeds indicates that it was returned to her after record. If someone else had sent it up for record, it seems unlikely they would have had it returned to her after record. Or, if they did, it seems likely that she would have raised some question about it so we should have evidence of it."

The record also contains the testimony of plaintiff's mother who parted from plaintiff's father in 1915. Because of having been divorced she has no personal interest in John's estate; and the competency of her testimony is not challenged. From time to time this witness visited at Mrs. Monteith's home. As to one such occasion she testified:

"Then she (Mrs. Monteith) went on and told me how she had given the deed to John. * * * (She said) 'I have given a deed to John of this house and lot in Otsego.' * * * 'Also,' she said, 'I want

him to have the money in the bank I leave, but Fred can have the farm' * * * 'that is the way I want my property to go.' ''

The above conversation took place more than 10 years prior to the trial of this case and the witness stated it was before John's death. Concerning another and later occasion this witness testified:

''The next time my daughter was present that she (Mrs. Monteith) said anything about this deed was when we went over to Otsego to see her when she was sick. * * * Caroline was about 75 years old at that time. * * * She said (seemingly to plaintiff) here is the deed, the one I gave your father to this place where we are now. She said after he passed away you know his (second) wife returned the safe and all those things to me.''

There are other portions of the record which indecisively bear *pro* and *con* on the issue of delivery of this deed. There is no persuasive testimony tending to overcome the presumption which arises from the fact that the deed was recorded, as above noted. From consideration of the whole record we are in accord with the circuit judge's determination that there was valid delivery of this deed. It was beneficial to the grantee and therefore its acceptance by him is presumed. *Hynes* v. *Halstead,* 282 Mich. 627. As indicated in the portion of his opinion hereinbefore quoted, the circuit judge concluded that the deed was not, under the circumstances, testamentary in character. This determination is also sustained by the record.

The warranty deed to John Monteith executed in 1918, and recorded in 1927, being a valid conveyance, defendant took no title to lot 8 of the village of Otsego by the quitclaim deed from his mother to him in 1932, which quitclaim deed also included in the description and passed title to defendant of

another lot and a farm which his mother owned. Plaintiff established her right to the relief prayed, and the decree to that effect entered in the circuit court is affirmed. Costs to appellee.

BUSHNELL,. C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.