HAASJES v. WOLDRING.

1. DEEDS—DELIVERY—INTENT.
   Constructive delivery of a deed can be sufficient to manifest intention to make a present transfer of ownership of real property.

2. SAME—SUBSEQUENT ACTS—DELIVERY.
   Quitclaim deeds of real property owned by grantors as tenants by the entireties, naming plaintiff granddaughters as grantees, in case where grantors continued to live in the house and pay taxes on the property purportedly conveyed, where they made

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Deeds § 91.
[2] 23 Am Jur 2d, Deeds § 100 et seq.

statements inconsistent with the transfer of title, that they wanted the house to go to the grantees, and where at death of last grantor deeds were found with his will in a strongbox under control of his heir, *held,* ineffective to convey title, there being no intent to make a present conveyance of an interest in the land.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 November 8, 1967, at Grand Rapids. (Docket No. 3,332.) Decided March 22, 1968. Leave to appeal denied June 19, 1968. See 381 Mich 756.

Complaint by Lois J. Haasjes and Dorothy R. Miles against Lester Woldring to determine title to real estate. Judgment for plaintiffs. Defendant appeals. Reversed.

*Ten Cate, Townsend & Cunningham,* for plaintiffs.

*James W. Bussard,* for defendant.

LESINSKI, C. J. The defendant appeals the finding of the trial court that two deeds, executed in 1949 in favor of the plaintiffs, effectively transferred title to the grantors' house and adjacent lot.

The plaintiffs, Lois Haasjes and Dorothy Miles, are the granddaughters of the deceased grantors, John and Lottie Woldring, who on June 6, 1949, executed quitclaim deeds to this property, owned by them as tenants by the entireties, naming the plaintiffs as grantees. Lottie Woldring died in 1950, survived by her husband, John Woldring, who died in 1965.

The defendant, Lester Woldring, son of the grantors, was named in his father's will as sole devisee. The plaintiffs bring this action asking that title to the property in question be declared to be in them by virtue of the deeds executed in 1949. De-

fendant contends the deeds were ineffective to transfer title because there was no intent at the time of execution to make a present conveyance of title.

We recognize that the ancient formalisms, once controlling questions of effective delivery of deeds, are no longer strictly adhered to, and that today constructive delivery can be sufficient to manifest intention to make a present transfer. *McMahon* v. *Dorsey* (1958), 353 Mich 623. But we conclude that the evidence in this case cannot support the plaintiffs' argument that there was an effective transfer.

Subsequent to their execution of the deeds, the grantors continued to live in the house and pay taxes on the property. Subsequent also to the execution of the deeds were statements by the grantors that they "would like the house to go to the girls," language inconsistent with a prior transfer of title. Plaintiff Dorothy Miles admitted in her testimony that her grandmother said that "they [the grandparents-grantors] did not want it [the house] to go through probate court because they felt there would not be enough money left from it." Finally, at the death of grantor John Woldring in 1965, these deeds were found in a strongbox together with his will. This evidence compels the conclusion that we have here another attempted testamentary disposition which must be held invalid. The evidence does not permit the inference that plaintiffs had that dominion of the incidents of ownership requisite to a finding of transfer of title.

A significant distinction in this case from the facts of *McMahon* v. *Dorsey, supra,* relied on by plaintiffs, is that in *McMahon* the deed was placed in a safe deposit box rented jointly in the names of the grantor and the grantee. That fact provided the inference of control by the grantee from which a finding of effective transfer could follow. In this case, on the contrary, although there was testimony that the

grantors and grantees shared the use of a carton box for the storage of valuables that was kept inside the piano at the house all four lived in together, the deeds were found at the time of John Woldring's death together with the latter's will in a strongbox under the control of the defendant, Lester Woldring. Plaintiffs' reliance on *McMahon* v. *Dorsey* is, therefore, misplaced. The evidence puts this case rather in the category of such cases as *Wandel* v. *Wandel* (1953), 336 Mich 126, and *Resh* v. *Fox* (1961), 365 Mich 288, where the Supreme Court found instances of no intent to make a present conveyance of interest in land.

The other theories advanced by plaintiffs to support their claim of title are equally without merit.

Reversed. Costs to appellant.

BURNS and HOLBROOK, JJ., concurred.