CHAPMAN v. CHAPMAN

1. TRUSTS—CONSTRUCTIVE TRUST—RIGHTFULLY-ACQUIRED PROPERTY
   —UNCONSCIONABLE—WITHHELD PROPERTY.

   Constructive trust relief may be appropriate in a case in which
   there is family relationship, trust, and confidence even though
   the property in question was not wrongfully acquired where
   the property is unconscionably withheld.

2. TRUSTS—CONSTRUCTIVE TRUST—FAMILY RELATIONSHIP.

   Imposition of a constructive trust on the proceeds from land
   sales by the defendants, the plaintiff's brother and sister-in-
   law, was sustained where four witnesses testified at trial that
   the agreement between the parties by which the plaintiff, in
   financial difficulty, conveyed the property, later sold, to the
   defendant was to vest only legal title in the defendants while
   plaintiffs retained the beneficial interest.

3. TRUSTS—CONSTRUCTIVE TRUST—GROUNDS.

   A constructive trust can be based upon a breach of fiduciary or
   confidential relationship, misrepresentation, concealment, mis-
   take, undue influence, duress, or fraud.

4. TRUSTS—CONSTRUCTIVE TRUSTS—"UNCLEAN HANDS".

   An action to establish a constructive trust on the proceeds of the
   sale of property, conveyed by the defendant to the plaintiffs, the
   defendant's brother and sister-in-law, did not entail an "unclean
   hands" issue where even though the defendant was $250,000 in
   debt at the time of the transfer, there was no evidence that
   plaintiff did not have sufficient other property to meet the
   claims of his creditors had all his outstanding debts been re-
   duced to judgment and where the defendant brother's business,
   selling automobile parts manufactured by his plaintiff brother,

REFERENCE FOR POINTS IN HEADNOTE
[1–4] 54 Am Jur, Trusts § 245 et seq.

was totally dependent on his brother's rehabilitation, because the transfers were a sound businesslike way to rehabilitate the plaintiff.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 December 10, 1970, at Lansing. (Docket No. 8759.) Decided March 24, 1971.

Complaint by William C. Chapman and Rosalee Chapman against George Chapman and Jean Jolly Chapman to recover proceeds from sale of lands less any disbursements defendants had made for instalments, taxes, and insurance. Judgment imposing a constructive trust on defendants. Defendant Jean Jolly Chapman appeals. Affirmed.

*Fulkerson, Moffett & Fulkerson,* for plaintiffs.

*Louisell & Barris,* for defendant Jean Jolly Chapman.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

T. M. Burns, J. Defendant appeals from a judgment against her and her former husband jointly and severally, imposing a constructive trust on the proceeds from property sold by defendant and her former husband.

William C. Chapman is an inventor and in 1961 and 1962 was engaged in manufacturing certain parts used in the production of automobiles. William's brother, George Chapman, was engaged in the business of selling these parts to automobile manufacturers. Each brother was, therefore, de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pendent upon the other for his own business success or failure.

In 1963, William C. Chapman suffered business reverses to the extent that he was unable to meet installments due on two parcels of land which he held jointly with his wife. To avoid foreclosure on the land contracts to which the parcels were subject, William and his wife, Rosalee, entered into an agreement with George and his wife, Jean, whereby the latter would pay installments, taxes, and insurance on the two properties known as the Rickett Road Property and the Pontiac Trail Property. In order to secure George and Jean for the money they were to advance, William and Rosalee quitclaimed the two properties to them. It was plaintiffs' contention below that defendants agreed to reconvey the property when plaintiffs' financial situation improved.

Defendants, however, sold the two properties for a total of $96,000. Plaintiffs, who had not consented to the sale of either parcel, then brought this action to recover the proceeds from the sales less any disbursements defendants had made for installments, taxes, and insurance.

The trial court concluded that plaintiffs were entitled to $20,200 of the $96,000 proceeds; the trial court's holding is based upon the theory of constructive trust. Jean Jolly Chapman appeals from the judgment of the trial court.

Defendant first contends that the relief of constructive trust is inappropriate because defendants did not wrongfully acquire the property from plaintiffs.

In *Kent v. Klein* (1958), 352 Mich 652, the Court was presented with elements similar to the instant case: family relationship, trust and confidence.

The Court found constructive trust relief appropriate (p 657):

"[I]t is not necessary that property be wrongfully acquired. It is enough that it be unconscionably withheld. * * *

"It is enough, to compel the surrender, that one feed and grow fat on that which in good conscience belongs to another, that he enjoy a windfall resulting in his unjust enrichment, that he reap a profit in a situation where honor itself furnishes rich reward, where profit, the mainspring of the market place, is both foreign and inimical to the trust imposed."

In order for the trial court to have imposed a constructive trust on the proceeds from the two sales, plaintiffs must have established at the trial that the agreement between the parties was to vest only legal title in defendants while plaintiffs retained the beneficial interest. The trial court, in finding this to be the case, arrived at its determination upon the testimony of the four witnesses.

Although this is a chancery case and reviewed *de novo*, this Court will not reverse the findings of the trial court unless convinced that it would have reached a different conclusion had it occupied the position of the trial court. It is apparent from our review of the record that the trial court's findings were based upon the testimony of the trial witnesses which the trial judge chose to believe. This Court recognizes the superior position of the trial judge to test the credibility of the witnesses. We will not, therefore, reverse the trial court's findings in this case.

Defendant also maintains that since plaintiffs failed to demonstrate any fraud on defendant's part, the remedy of constructive trust is incorrect. However, fraud is not the only action predicating

the imposition of a constructive trust. Other actions which would warrant a constructive trust remedy are misrepresentation, concealment, mistake, undue influence, duress, and breach of fiduciary or confidential relations. The trial court's remedy based upon the confidence and trust between the parties was, therefore, correct.

Defendant next contends that the trial court erred in impressing a constructive trust because plaintiffs allegedly have "unclean hands". It is defendant's position that despite defendant's failure to raise the issue below, the court should have applied the doctrine on its own motion:

"The unconscionable character of a transaction between the parties need not be pleaded or set up as a defense. Whenever it is disclosed the court will of its own motion apply the maxim."[1]

However, no such action on the part of the trial court was required in this case. William Chapman did testify that he was some $250,000 in debt at the time of the transfers, but there is no indication that plaintiffs were not possessed of sufficient other property to meet the claims of their creditors had all of their outstanding debts been reduced to judgments. In fact, William Chapman contended throughout the trial that the reason for the transfers was to prevent foreclosure on the properties. The transfers, therefore, gave added protection to the creditors whose loans were secured by the two parcels. We also would note that since George Chapman's success in his business was completely dependent upon the existence of his brother's manufacturing business, it was to his benefit to rehabilitate William in any way possible. It appears to this Court that the transfers in question represent nothing

---

[1] 30 CJS, Equity, § 97, pp 1031, 1032.

more than a sound businesslike procedure for rehabilitating William Chapman, upon whose financial success both brothers depend. We find no error in the trial court's failure to invoke the maxim of clean hands to prevent the imposition of a constructive trust.

Defendant finally contends that the trial court failed to make findings of fact pursuant to GCR 1963, 517.1, in regard to the amount of the judgment which the trial court determined to be $20,200.

In his opinion, the trial judge indicated that he had considered: (1) that George Chapman was credited with monies expended on William Chapman's behalf; (2) that William Chapman should pay rent for the period he occupied the property; (3) that no interest should be allowed; and (4) that he had weighed all claims and counterclaims. GCR 1963, 517.1 expressly states that findings should be made "without over elaboration of detail or particularization of facts". Defendant makes no showing, nor can this Court say from our review of the voluminous record, that the court's finding is clearly erroneous.

Affirmed.

All concurred.