ARNDT v VOS

Docket No. 77-2157. Submitted April 3, 1978, at Grand Rapids.—
Decided May 22, 1978.

Cleo Arndt entered into an oral agreement with Arthur Vos in which Arndt, beset with financial difficulties and unable to meet his mortgage payments, would allow the redemption period on his property to expire whereupon the bank would convey the property to Vos for the balance due on the mortgage. Vos would then reconvey a part of the property to Arndt. Vos obtained the property as agreed, then failed to reconvey part of the property back to Arndt. Arndt filed suit against Vos and his wife, Gertrude Vos, requesting the imposition of a constructive trust and specific performance of the oral agreement. The Allegan Circuit Court, James E. Townsend, J., found Arthur Vos to be a. constructive trustee, and ordered the defendants to convey the subject property to the plaintiff, along with payment of damages. Defendants appeal. *Held:*

1. Imposition of the constructive trust in favor of the plaintiff was proper. The existence of the agreement to reconvey a portion of the property to plaintiff was not disputed, and the plaintiff allowed the redemption period to expire in reliance upon Vos's promise to reconvey; thus Vos obtained title to that portion of the property by misrepresentation and fraud.

2. Defendants were properly denied reimbursement for alleged improvements to the property which were actually detriments.

3. Defendants should be reimbursed for taxes paid, during the time they held the property, on that portion of the property to be reconveyed.

Affirmed in part, and remanded for a determination of tax payments to be set off against the damages.

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trusts § 221 *et seq.*
[2] 76 Am Jur 2d, Trusts §§ 194, 628, 637.
[3] 76 Am Jur 2d, Trusts § 282 *et seq.*
[4] 76 Am Jur 2d, Trusts §§ 524, 599.

1. TRUSTS—CONSTRUCTIVE TRUSTS—EQUITY.

Constructive trusts are equitable in nature and their imposition makes the holder of legal title the trustee for the benefit of another who in good conscience is entitled to the beneficial interest in the property involved; a constructive trust is imposed only where it would be inequitable to do otherwise.

2. CONTRACTS—EVIDENCE—ORAL CONTRACTS—PAROL EVIDENCE—STATUTE OF FRAUDS—TRUSTS—CONSTRUCTIVE TRUSTS—SPECIFIC PERFORMANCE.

Parol evidence is admissible to establish the existence of an oral agreement to transfer real estate in an action for the imposition of a constructive trust and for specific performance of the oral agreement; the statute of frauds is not a bar to such an action.

3. EQUITY—CONTRACTS—SPECIFIC PERFORMANCE.

A court of equity may grant in a decree for specific performance such additional or incidental relief as is necessary to adequately sort out the equities of the parties.

4. EQUITY—TRUSTS—CONSTRUCTIVE TRUSTS—TAXES—SET-OFF.

A defendant holder of legal title to real estate, whom the court has found a constructive trustee of the real estate and who was ordered to convey the real estate and pay damages to the plaintiff, is entitled to a set-off against the damages equal to the amount the defendant paid in taxes on the real estate during the time he wrongfully held the real estate.

*Leo W. Hoffman,* for plaintiff.

*Bergstrom, Slykhouse & Shaw, P. C.* (by *Robert L. Lalley, Jr.),* for defendants.

Before: R. B. BURNS, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. Defendants appeal as of right from judgments entered in Allegan County Circuit Court finding defendant, Arthur Vos, a constructive trustee of certain properties previously owned by plaintiff. The trial court ordered defendants to

reconvey part of said properties to plaintiff along with $11,437 in damages.

The trial court also denied defendants' claims for taxes paid and improvements made on the property in question.

A review of the record reveals the following facts:

Plaintiff and his wife owned several parcels of land in Saugatuck Township, the title to said properties being the subject matter of the case at bar.

During the years 1964, 1965 and 1966, plaintiff became financially distressed due, in part, to his illness, his wife's illness and subsequent death, business reversals and the depletion of gravel in his gravel pit. As a result of this situation, plaintiff became delinquent in making payments on his debts, mortgages and taxes.

Late in 1965, the bank foreclosed a chattel and real estate mortgage given by plaintiff and obtained a circuit court commissioner's deed on part of plaintiff's property. Plaintiff, in an effort to save his property, entered into an agreement whereby plaintiff would allow the redemption period on the property to expire and then the bank would convey the property to defendant for the balance due on plaintiff's mortgage. Defendant would then, in consideration of the low price he paid to the bank for the property, reconvey part of the property back to plaintiff.

The transaction went as planned except defendant failed to reconvey part of the property back to plaintiff. Hence, plaintiff commenced this action seeking the imposition of a constructive trust on defendant for part of the property at issue.

Defendants first contend that the trial court erred in finding defendant, Arthur Vos, a construc-

tive trustee of part of the properties for the benefit of plaintiff.

Constructive trusts are creatures of equity and their imposition makes the holder of the legal title the trustee for the benefit of another who in good conscience is entitled to the beneficial interest. They are distinguished from express and resulting trusts in that they do not arise by virtue of agreement or intention, but by operation of law. *Kren v Rubin,* 338 Mich 288; 61 NW2d 9 (1953), *Digby v Thorson,* 319 Mich 524; 30 NW2d 266 (1948), *Stephenson v Golden,* 279 Mich 710; 276 NW 849 (1937), *Hewelt v Hewelt,* 245 Mich 108; 222 NW 119 (1928), *Weir v Union Trust Co,* 188 Mich 452; 154 NW 357 (1915). Constructive trusts, while infinite in their variety, are imposed only where it would be inequitable to do otherwise. *Union Guardian Trust Co v Emery,* 292 Mich 394; 290 NW 841 (1940), *Chapman v Chapman,* 31 Mich App 576; 188 NW2d 21 (1971).

In the instant case, it is not disputed that the parties did in fact enter into an oral agreement whereby defendant was to reconvey part of the real estate he purchased from the bank back to plaintiff. It is also readily apparent that plaintiff allowed the redemption period to expire on his property relying upon defendant's promise to reconvey part of the property back to him.

Hence, defendant obtained title to part of the properties in question via misrepresentation and fraud. Under such circumstances it would be unconscionable to allow defendant to retain title to said properties. See *Nichols v Martin,* 277 Mich 305; 269 NW 183 (1936), *Weir v Union Trust Co, supra.* See *Markoff v Tournier,* 229 Mich 571; 201 NW 888 (1925).

We also note that while the agreement in the

instant case is not in writing, parol evidence is admissible to establish its existence since the statute of frauds is not a bar to plaintiff's action for the imposition of a constructive trust and for specific performance of the oral agreement. *Kren v Rubin, supra, Digby v Thorson, supra, Evanoff v Hall,* 310 Mich 487; 17 NW2d 724 (1945), *Zaborski v Kutyla,* 29 Mich App 604; 185 NW2d 586 (1971).

Accordingly, we find that the trial court properly imposed a constructive trust on the property at issue in favor of plaintiff.[1]

Defendants next contend that the trial court erred in failing to give defendant credit for taxes paid and improvements made on the property at issue.

In respect to the alleged improvements made by defendants on the property, the trial court found that the sewage system installed on the property was a detriment rather than an improvement and accordingly reduced the value of the land. Our *de novo* review of the record supports the trial court's findings. Hence, defendants are not entitled to reimbursement for the alleged "improvements" they made on the property.

The question of whether or not defendants are entitled to reimbursement for the taxes they have paid presents a more difficult issue.

The instant proceedings are equitable in nature and require this Court as well as the trial court to balance the equities between the parties and grant relief accordingly.

"A court of equity in granting specific performance may grant in its decree for specific performance such

---

[1] In their brief on appeal defendants also claim that there was a condition precedent to reconveying the property back to plaintiff, which was never met. Our review of the record supports the trial court's finding that no such condition existed.

additional or incidental relief as is necessary to adequately sort out the equities of the parties. *Van Camp v Van Camp,* 291 Mich 688; 289 NW 297 (1939), *Klais v Danowski,* 373 Mich 281; 129 NW2d 423 (1964)." *Brotman v Roelofs,* 70 Mich App 719, 732; 246 NW2d 368 (1976).

The record reveals that defendant did in fact pay taxes on a portion of the properties from 1963 to 1974. Under the circumstances of this case, we believe that in order to do equity to all those involved, defendants should be reimbursed for these payments.

As noted by the trial court, apportionment of the taxes among the properties will be a most difficult task. However, this reason alone should not cause the trial court to overlook the amounts defendants have paid in taxes on the property.

Accordingly, this case must be remanded to the trial court for an evidentiary hearing to determine how much defendants have paid in taxes on the property at issue. Defendants shall be entitled to a set-off against the damages they were ordered to pay to plaintiff for this amount.[2] The remainder of the trial court's opinion is affirmed.

Remanded. No costs, neither party having prevailed in full.

We retain no further jurisdiction.

---

[2] No interest shall be awarded on this amount in that defendants have wrongfully held possession of the property at issue for an extended period of time.