## HAVENS v SCHOEN

Docket No. 50022. Submitted January 7, 1981, at Lansing.—Decided August 19, 1981. Leave to appeal applied for.

Norma Anderson Havens, the owner of certain farm property in Marlette, Michigan, in contemplation of her death executed a quit-claim deed to the property to her only daughter, Linda Karen Anderson. The deed was subsequently recorded. Subsequently, Linda Karen Anderson married and became Linda Karen Adams and died. Thereafter, Norma Anderson Havens and Norman William Scholz, a nephew of Havens who has an interest in the property as the beneficiary of a trust, brought a suit in Sanilac Circuit Court against Ernest E. Schoen, Administrator of the estate of Linda Karen Adams, deceased, and other heirs of James W. Anderson, the ex-husband of Norma Anderson Havens, seeking to set aside the deed or to impose a constructive trust on the farm property which was the subject of the deed. Arthur E. Moore, J., found no cause of action and entered judgment for defendants. The plaintiffs appeal alleging error because there never was a delivery of the deed or an intent by Havens to then presently and unconditionally convey an interest in the property. *Held:*

The trial court erred when it stated that the plaintiffs had the burden of proof on all issues. The defendants had the burden of proving delivery and requisite intent. The defendants, here, failed to meet their burden of proof. Under the circumstances, the recording and the language of the deed were not persuasive proof of delivery or intent to unconditionally convey an interest in the property. The deed should be set

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 23 Am Jur 2d, Deeds §§ 120, 125.

[2, 9] 23 Am Jur 2d, Deeds §§ 107, 125, 126.

[3, 7] 23 Am Jur 2d, Deeds §§ 81, 82.
  Sufficiency of delivery of deed where grantor retains, or recovers, physical possession. 87 ALR2d 787.

[4] 27 Am Jur 2d, Equity § 266.

[5] 76 Am Jur 2d, Trusts § 225.

[8] 23 Am Jur 2d, Deeds §§ 132-134.
  What constitutes acceptance of deed by grantee. 74 ALR2d 992.

aside. Creation of a constructive trust is not warranted by the facts as found by the trial court.

Affirmed in part, reversed in part, and remanded.

MacKenzie, J., dissented. She disagreed that the trial court's findings were clearly erroneous. She would affirm the trial court since she would be reluctant to set aside an unambiguous conveyance which was on record and unchallenged for five years on the basis of the self-serving testimony of the grantor as to her intent at the time she executed the deed and authorized its recordation.

### OPINION OF THE COURT

1. DEEDS — RECORDING — DELIVERY.

   The recording of a deed raises a presumption of delivery; the only effect of this presumption is to cast upon the opposite party the burden of moving forward with the evidence.

2. DEEDS — DELIVERY — BURDEN OF PROOF.

   The burden of proving delivery of a deed by a preponderance of the evidence is with the party relying on the deed.

3. DEEDS — ACTS OF GRANTOR — DELIVERY.

   Courts may look to the subsequent acts of a grantor in determining whether there was a present intent to pass title by the grantor's giving of a deed.

4. EQUITY — APPEALS — DE NOVO REVIEW.

   The Court of Appeals reviews *de novo* the determinations of a trial court sitting in a case in equity.

5. EQUITY — CONSTRUCTIVE TRUSTS.

   A constructive trust is imposed only when it would be inequitable to do otherwise.

### DISSENT BY MacKENZIE, J.

6. DEEDS — RECORDING — PRESUMPTION OF DELIVERY.

   *The recording of a deed with the knowledge and assent of the grantor creates a presumption of delivery of the deed.*

7. DEEDS — DELIVERY.

   *The significance of delivery of a deed is the manifestation of the grantor's intent that the instrument be a completed act.*

8. DEEDS — ACCEPTANCE.

   *Acceptance of a deed by a grantee is presumed if the deed is beneficial to the grantee.*

9. Deeds — Delivery — Burden of Proof.

> *The burden of proving delivery of a deed is on the person relying upon the instrument, but the burden shifts upon recordation of the deed so that the grantor must go forward with the evidence of showing nondelivery once recordation and beneficial interest have been shown.*

*Taylor, Carter, Butterfield, Riseman, Clark & Howell,* for plaintiffs.

*R. T. Maltby,* for defendant Schoen.

*John S. Paterson,* for heirs of James W. Anderson.

Before: D. E. Holbrook, Jr., P.J., and M. F. Cavanagh and MacKenzie, JJ.

Per Curiam. Plaintiffs brought an action in equity seeking to set aside a deed or to impose a constructive trust on farm property which was the subject of the deed. The trial judge found no cause of action and plaintiffs appeal as a matter of right.

In 1962, plaintiff Dr. Havens purchased the Scholz family farm from the estate of her twin brother, Norman Scholz. She gave a deed of trust to her other brother Earl Scholz in 1964, naming her daughter Linda Karen Adams as the principal beneficiary. In 1969, she filed suit against Earl and Inez Scholz and, in settlement of that suit, the property was conveyed to Dr. Havens and her daughter, now deceased. On August 13, 1969, Dr. Havens executed a quit-claim deed to her daughter of her remaining interest in the farm. It is this deed which Dr. Havens wishes to set aside.

The trial court found that plaintiffs failed to meet the burden of proving an invalid conveyance. Plaintiffs claim that there was never a delivery or an intent to presently and unconditionally convey

an interest in the property to the daughter. The deed was recorded but defendants presented no other evidence to prove delivery. The recording of a deed raises a presumption of delivery. *Hooker v Tucker,* 335 Mich 429, 434; 56 NW2d 246 (1953). The only effect of this presumption is to cast upon the opposite party the burden of moving forward with the evidence. *Hooker v Tucker, supra.* The burden of proving delivery by a preponderance of the evidence remains with the party relying on the deed. *Camp v Guaranty Trust Co,* 262 Mich 223, 226; 247 NW 162 (1933). Acknowledging that the deed was recorded, plaintiffs presented substantial evidence showing no delivery and no intent to presently and unconditionally convey an interest in the property. The deed, after recording, was returned to Dr. Havens. She continued to manage the farm and pay all expenses for it. When asked about renting the farm, the daughter told a witness to ask her mother. Plaintiffs presented sufficient evidence to dispel the presumption. We find that the trial court erred when it stated that plaintiffs had the burden of proof on all issues. The defendants had the burden of proving delivery and requisite intent.

In *Haasjes v Woldring,* 10 Mich App 100; 158 NW2d 777 (1968), *lv den* 381 Mich 756 (1968), two grandparents executed a deed to property to two grandchildren. The grandparents continued to live on the property, pay taxes on it and subsequent to the execution of the deed they made statements which this Court found inconsistent with a prior transfer of property. These circumstances combined with the fact that the deed was not placed beyond the grantors' control led the *Haasjes* Court to conclude that a valid transfer of title had not been effected. The *Haasjes* Court, citing *Wandel v*

*Wandel,* 336 Mich 126; 57 NW2d 468 (1953), and *Resh v Fox,* 365 Mich 288; 112 NW2d 486 (1961), held that in considering whether there was a present intent to pass title, courts may look to the subsequent acts of the grantor.

This Court reviews *de novo* the determinations of a trial court sitting in an equity case. *Chapman v Chapman,* 31 Mich App 576, 579; 188 NW2d 21 (1971). Having reviewed the evidence presented by the defendants to prove delivery, we find that the defendants failed to meet their burden of proof. Under the circumstances, the recording itself and the language of the deed were not persuasive proof of delivery or intent. Defendants presented no evidence of possession of the deed by anyone but the grantor and presented no evidence showing knowledge of the deed by the grantee. No evidence was presented showing that the daughter was ever aware that she owned the property. The showing made by defendants was inadequate to carry their burden of proof. The deed must be set aside.

Plaintiffs alleged none of the grounds which have traditionally been recognized as justifying the imposition of a constructive trust. See *Chapman v Chapman, supra.* A constructive trust is imposed only when it would be inequitable to do otherwise. *Arndt v Vos,* 83 Mich App 484; 268 NW2d 693 (1978). Although plaintiffs claim relief for a mutual mistake, plaintiffs have presented no facts suggesting a mistake on the part of the grantee. Creation of a constructive trust is not warranted by the facts as found by the trial court. There has been no claim that those findings are erroneous.

We remand to the trial court to enter an order setting aside the August 13, 1969, deed from Norma Anderson Havens to Linda Karen Ander-

son Adams purporting to convey the interest of Dr. Havens in the farm. The decision of the trial court finding no justification for imposing a trust upon the property is affirmed.

Affirmed in part, reversed in part, and remanded.

MACKENZIE, J. *(dissenting).* I respectfully dissent. The deed was recorded with the knowledge and assent of the grantor, which creates a presumption of delivery. See *Schmidt v Jennings,* 359 Mich 376, 383; 102 NW2d 589 (1960), *Reed v Mack,* 344 Mich 391, 397; 73 NW2d 917 (1955). Crucial evidence was conflicting and I would disagree that the trial court's findings were clearly erroneous.

In *Reed v Mack,* the Court affirmed the trial court's finding that there had been delivery where the grantor defendant, who had owned the property with her husband, recorded a deed conveying a property jointly to herself and the two other grantees, stating:

"We are in agreement with the trial court. The defendant-appellant, a grantor in the deed, caused the recording of the deed, the delivery of which she attacks. The recording of a warranty deed may, under some circumstances, be effectual to show delivery. *Compton v White,* 86 Mich 33 [48 NW 635 (1891)]. A delivery to one of several joint grantees, in absence of proof to the contrary, is delivery to all. *Mayhew v Wilhelm,* 249 Mich 640 [229 NW 459 (1930)]. While placing a deed on record does not in itself necessarily establish delivery *(Camp v Guaranty Trust Co,* 262 Mich 223 [247 NW 162 (1933)]), the recording of a deed raises a presumption of delivery, and the whole object of delivery is to indicate an intent by the grantor to give effect to the instrument. *Gibson v Dymon,* 281 Mich 137 [274 NW 739 (1937)]." *Reed v Mack, supra,* 397.

In *McMahon v Dorsey,* 353 Mich 623, 626; 91
NW2d 893 (1958), the significance of delivery was
characterized as the manifestation of the grantor's
intent that the instrument be a completed act.

" 'Delivery, in its legal and technical connotation, is a
vital part of the execution of a deed and is essential to
the operation and validity of the conveyance. We have
stated many times that delivery of a deed is strictly a
matter of the intention of the grantor as manifested
and evidenced by the words, acts and circumstances
surrounding the transaction. *(Alexander v American
Bible Society,* 407 Ill 49 [94 NE2d 833]; *Dry v Adams,*
367 Ill 400 [11 NE2d 607].) Manual transfer of the deed
is not indispensable to delivery but is evidence of deliv-
ery. The controlling factor in determining the question
of delivery in all cases is the intention of the grantor,
and this is particularly the case where the grantor
makes a voluntary conveyance to grantees who are very
naturally the subject of his bounty. In such cases,
courts of equity are strongly inclined to carry out this
intention unless to do so would run contrary to very
convincing evidence or well-established legal
principles.' " *Id.*

The evidence herein indicates that plaintiff
Norma Anderson Havens, after she had been told
she was dying from cancer, executed a quit-claim
deed on August 16, 1969, to her daughter, Linda
Karen Anderson. Plaintiff Havens testified that
the reason she executed the deed was that she felt
"if something should happen to me, at least Karen
would be protected". The deed was recorded the
same day by plaintiff Havens's attorney. Plaintiff
Havens either knew that the deed was recorded
then or learned of the recording shortly thereafter.
Although plaintiff Havens testified that she in-
tended only a testamentary disposition, she appar-
ently realized that the deed was effective to convey
the property immediately because her testimony

indicated an intention to execute a trust agreement. Linda Karen lived on the farm for five years after the deed was recorded until her death in 1974, yet plaintiff Havens did not attempt to have Linda Karen deed the farm back to her so she could replace the deed with a trust agreement or a will. Plaintiff Havens testified that she approached her attorneys regarding a trust agreement, but both attorneys denied this. The trial judge specifically found the testimony of the attorneys was convincing and he, of course, had the benefit of observing the witnesses.

*Haasjes v Woldring,* 10 Mich App 100; 158 NW2d 777 (1968), relied upon by the majority, involved unrecorded deeds which remained in a strongbox under control of the grantors until after their deaths. The grantors continued to live alone on the property and pay taxes thereon. Based on the lack of recording, I find *Haasjes* distinguishable from the present case.

In *Hooker v Tucker,* 335 Mich 429; 56 NW2d 246 (1953), delivery was held not to have occurred where the grantor handed her attorney a copy of a deed containing a legal description of property she wished included in a will to be drawn by him and he subsequently mailed the deed to the grantee without the grantor's knowledge or permission. The purported delivery by mailing being unauthorized distinguishes *Hooker* from this case where there was no indication the recording was done without the grantor's authorization.

The majority relies on the grantee's purported lack of knowledge of the conveyance but the record is not at all clear in this regard. Further, if a deed is beneficial to the grantee, its acceptance is presumed. *Tackaberry v Monteith,* 295 Mich 487, 493; 295 NW 236 (1940), see also *Holmes v Mc-*

*Donald,* 119 Mich 563; 78 NW 647 (1899). While the burden of proving delivery is on the person relying upon the instrument, the burden shifts upon its recordation so that the grantor must go forward with the evidence of showing nondelivery, once recordation and beneficial interest have been shown. *Hooker v Tucker, supra,* and *Tackaberry, supra.* The trial court properly found that plaintiffs failed to go forward with the evidence and found that the deed conveyed title to the farm.

Factually, this is a difficult case because plaintiff Havens executed a deed which she intended to be a valid conveyance at the time it was executed and recorded. Subsequently, when her daughter unexpectedly predeceased her, the deed created a result she had not foreseen. She seeks to eradicate the unintended *result* by this litigation.

I am reluctant to set aside an unambiguous conveyance which was on record and unchallenged for five years on the basis of the self-serving testimony of the grantor as to her intent at the time she executed the deed and authorized its recordation.

I would affirm.